# Staunton.

## WILSON v. MILLER AND WIFE.

### September 21, 1905.

1. EQUITY—*Jurisdiction—Discovery and Relief—Agency Involving Trust and Confidence.*—An agent to sell land of his principal and collect the proceeds, and also to demand, sue for and collect all debts, rents, accounts and other claims which may be due to his principal, occupies a position of trust and confidence towards his principal, and where, after the lapse of many years, his accounts have become complicated by reason of collections from various sources, and disbursements for expenses and remittances to his principal, equity has jurisdiction of a bill by the principal praying for a discovery from the agent, and a proper settlement of his accounts.    The remedy at law in such a case is not plain simple and free from difficulty.

2. LIMITATIONS OF ACTIONS—*Continuous Agency—Case in Judgment.*—As a general rule, when there is an undertaking or agency which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking or agency.    The facts in this case do not take it from under the influence of the general rule. The agency was continuous for 17 years; the transactions were numerous, involving a long and complicated account, the details of which were known only to the agent, and the principal was a non resident and compelled to rely upon the agent for a faithful discharge of his trust.

Appeal from a decree in chancery of the Circuit Court of Rockbridge county.    Decree for complainants.    Defendant appeals.

*Affirmed.*

The opinion states the case.

*David E. Moore,* for the appellant.

*Greenlee D. Letcher,* for the appellees.

HARRISON, J., delivered the opinion of the court.

Having removed from the county of Rockbridge, Va., to the State of Oregon, the appellees, on December 19, 1881, executed a power of attorney appointing the appellant their attorney in fact to sell and convey all real estate owned by them in the county of Rockbridge, and to collect the proceeds; also to demand, sue for, and collect all debts, rents, accounts, and other claims which might be due, payable, and owing to the appellees in the county of Rockbridge. The power and authority vested in the appellant by this instrument was full and complete to do any and all things in the premises that the grantors could perform if present in person.

The appellant assumed the duties and obligations thus imposed upon him, and, from the date of his authority in 1881 to the year 1898, was from time to time collecting rents, selling real estate, wood, railroad ties, etc., and disbursing the proceeds in expenses of various kinds and in remittances to the appellees. During all of this time appellant rendered no account, and made no settlement of any kind. A continuous and frequent correspondence was kept up between the parties—on the part of appellees, chiefly demanding money and urging the business forward to a conclusion, and on the part of the appellant excusing his tardiness and promising to make remittances.

In 1898, in response to demands for information and for a settlement, appellant rendered his first account, covering the entire period of his agency and involving innumerable items. This statement of his transactions as agent for the appellees brought the latter in debt to the appellant in the sum of $177.54. Shortly after this account was rendered, appellees placed the matter in the hands of counsel, who filed the bill in this cause

asking for a discovery, and a proper settlement of the accounts of appellant as their agent, charging that he had not rendered a correct account, and had failed to make proper returns of the collections made by him.

The record clearly shows this allegation of the bill to be well founded. The result of the litigation was a decree in favor of the appellees for $377.54, with interest from October 4, 1898, the date of the termination of the agency.

The demurrer to the bill was properly overruled. There is no merit in the contention that equity is without jurisdiction. This is not a case of a single money demand which might be enforced in a court of law, nor indeed of mutual demands merely, but it is a case involving a trust. It involves a complicated settlement of the accounts of an agent occupying a position of trust and confidence, where a discovery is called for and necessary, and the remedy, if any at law would be far from plain, simple and free from difficulty. The jurisdiction of a court of equity in such a case is well established. *Simmons* v. *Simmons' Admr.,* 33 Gratt. 451; *Thornton* v. *Thornton,* 31 Gratt. 212; *Coffman* v. *Sangston,* 21 Gratt. 263; *Segar* v. *Parrish,* 20 Gratt. 680; *Zetelle* v. *Myers,* 19 Gratt. 62.

We are further of opinion that there was no error in the action of the court in refusing to apply the statute of limitations relied on by appellant. As a general rule, when there is an undertaking or agency which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking or agency. Wood on Limitations (Ed. 1883), sec. 123; *Rowan* v. *Chenoweth,* 49 W. Va. 287, 38 S. E. 545; *Riverview Land Co.* v. *Dance & Co.,* 98 Va. 238, 35 S. E. 720.

There is nothing in the facts of the case to take it from under the influence of the general rule mentioned. The services of appellant were continuous under the power of attorney from 1881 to 1898 when the relation of agent was ended, and he had not then completed the work for which he was appointed,

for part of the real estate was still unsold.   His principals lived in a distant State where they could give no personal attention to the matter, necessitating reliance by them upon him for a faithful discharge of the trust he had assumed as their agent.   The record shows that the transactions of the appellant were very numerous, involving a long and complicated account, the details of which were known alone to him. The case is clearly one governed by the general rule, where the statute does not begin to run until the termination of the undertaking or agency.

Upon the whole case, we are of opinion that there is no error in the decrees appealed from, and they must be affirmed.

*Affirmed.*