HAWKS v. HALL.

(Filed October 3, 1905).

*Return to Notice of Appeal—Justices of the Peace.*

1. The failure of a justice of the peace to sign the return to notice of appeal does not vitiate the proceedings in the Superior Court, where the appellant had given notice of appeal and paid the justice's fee, and the appellee made no motion for any purpose, but made a general appearance in the Superior Court at the trial in person and by attorney.

2. If the justice fails to discharge his duty to make his "return of appeal," he may be compelled to do so by attachment, and if the return be defective, the judge may direct a further or amended return.

ACTION by A. K. Hawks against A. M. Hall, heard on appeal from a justice of the peace by *Judge O. H. Allen* and a jury, at the May Term, 1905, of the Superior Court of SAMPSON County.

This action was begun in a justice's court, and was to recover the sum of $34.75, with interest thereon from the 12th

day of September, 1903. Summons was issued on May 16, 1904, and case was tried before *R. H. Hubbard, J. P.,* on May 24, 1904. The justice rendered judgment for the defendant against the plaintiff for cost. Plaintiff gave verbal notice of appeal in open court when judgment was rendered, and paid the justice the appeal fee. The justice sent up to the court all the papers in the case, with a paper, entitled A. K. Hawks v. A. M. Hall, purporting to be a return to notice of appeal. This paper is dated May 24, 1904, and is not signed by any one. It recites that it was issued pursuant to annexed notice of appeal, but no notice is annexed and none was sent up in the papers. The notice being given in open court, as above stated, upon this unsigned return, the case was docketed in the Superior Court on July 18, 1904. No written pleadings were filed in the justice's court, and there was no pleading in the Superior Court, except as contained in the unsigned "return to notice of appeal," and the original summons. The next court after the appeal was docketed was in October, 1904. There was also a court in February, 1905, prior to the trial term, May, 1905, and the defendant never made any motion to dismiss for failure to docket in time, and never made any motion in the cause for any purpose; but made a general appearance in the Superior Court at the trial in person and by attorney.

After the rendition of the judgment, from which the defendant appealed, and after court had adjourned for the term, it was found that the paper purporting to be a "return to notice of appeal" was not signed by any one.

*Geo. E. Butler* for the plaintiff.
*F. R. Cooper* for the defendant.

CONNOR, J., after stating the facts: This record presents the somewhat remarkable feature of an appeal from a judgment to which there is no exception and no suggestion of any

error committed at any stage of the trial. The point upon which we are asked to reverse the judgment was not made below, and the fact upon which the motion is based was not known to counsel until after the judgment was rendered and the court adjourned. To meet this condition the defendant's very ingenious counsel insists that the failure of the justice to sign the return on appeal deprives the Superior Court of any jurisdiction to hear or determine the case; that the proceedings had in that court are absolutely void. We cannot concur with this view. It is not to be questioned that the Superior Court has no other than appellate jurisdiction. The appeal perfected by notice and the payment of the justice's fee, takes the case into the Superior Court without any further action on the part of the appellant. If the justice fails to discharge his duty to make his "return of the appeal" he may be compelled to do so by attachment, and if the return be defective, the judge may direct a further or amended return. Code, sections 878, 879. It will be observed that the return to be made is *"of the appeal,"* clearly showing that it constitutes no essential element *in the appeal,* but simply a statement of what was done in the inferior court. It would be trifling with the administration of justice to permit an appellant who had done everything required of him to take and perfect an appeal, to be deprived of his right after a trial in the appellate court because of an inadvertent failure of the justice to sign his name to "the return of the appeal." If the attention of the court had been called to the omission, it would have summoned the justice and permitted him to sign the return at any time during the trial or even after judgment. If either party was not content with the return as made, the court, upon motion, would have directed a "further or amended return," as provided by section 879. There is no merit in the defendant's contention, and the judgment must be

Affirmed.