# Richmond

GLADYS R. McCORMICK AND T. RALPH McCORMICK v. WILLIAM M. A. ROMANS, JR. AND CHARLES W. GUNN, JR.

August 30, 1973.

Record No. 8159.

Present, Snead, C.J., I'Anson, Harrison, Harman and Poff, JJ.

*Kenneth C. King, Jr. (Lawrence C. Musgrove*, on brief), for appellants.

No brief or argument on behalf of appellees.

SNEAD, C.J., delivered the opinion of the court.

On November 20, 1967, Gladys R. McCormick filed a motion for judgment against "William M. A. Romans, Jr. and Charles W. Gunn, Jr." The motion alleged, among other things, that Romans and Gunn

were partners in the law firm of "Romans and Gunn;" that in April 1963 Mrs. McCormick entered into an agreement with Romans to handle the sale of certain of her real property; that she made repeated unsuccessful requests of Romans, who handled the account for the partnership, for an accounting of the transactions; that in August 1967 she employed certified public accountants who audited the account and that the audit showed a shortage of $42,009.80. The motion also alleged that through the negligence of Gunn by not checking the partnership accounts, Romans was allowed to appropriate the fund to his own use and that of the partnership. Mrs. McCormick sought judgment for $44,904.81, which included $2,895.01, the cost of the audit.

In his responsive pleadings, Gunn moved to dismiss the motion for judgment because of a misjoinder of tort and contract actions, demurred to the motion on the ground that it was insufficient in law, pleaded the statute of limitations and filed grounds of defense. In his grounds of defense, Gunn admitted that he and Romans were partners.

Romans filed an answer denying the allegations in the motion for judgment.

By order entered July 10, 1969, the trial court found that there was a misjoinder of actions in tort and contract, and granted leave to amend the motion for judgment. It also overruled Gunn's demurrer, and appointed a committee for Romans, who had been convicted of felony charges and was then incarcerated. The committee was made a party to the action.

Mrs. McCormick elected to sue in contract and filed her amended motion on July 29, 1969. The amended motion alleged the agreement of April 1963 whereby the partnership of Romans and Gunn undertook to handle the sale of certain property belonging to Mrs. McCormick. The amended motion also alleged that during the course of the agreement "certain monies" came into the hands of the partnership and were placed in a partnership account, styled "Thornridge Estate Subdivision Account," from which various disbursements were made pursuant to the agreement; that from April 1963 to August 1967 the sum of $209,168.70 was received into the account and $167,158.90 was disbursed; that Romans was acting by and on behalf of the partnership; that during October 1967 demand was made upon Romans for payment of the $42,009.80 balance due Mrs. McCormick, but the partners refused to account for or pay any portion

thereof; that the partnership was liable for the monies retained by Romans or Gunn, and they were jointly and severally liable under Code §§ 50-13, -14, -15.

Defendant Gunn filed a demurrer and a plea in bar to the amended motion for judgment.

On September 23, 1969, by consent of the parties, an order was entered transferring the case to the equity side of the docket and adding T. Ralph McCormick, Mrs. McCormick's husband, as a party complainant. Thereafter the amended motion for judgment was treated as a bill of complaint.

By decree entered May 23, 1972, the court sustained defendant Gunn's demurrer and plea in bar, and dismissed him as a party to the suit. The decree reads in part:

> "[T]he Demurrer should be sustained inasmuch as the cause of action alleged in the Bill of Complaint, as amended, is one properly maintainable only against the partnership and not the partners as individuals. Since the complainants have brought their action against the defendants as individuals and have failed to make the partnership a party defendant, the Court doth sustain the Demurrer of the defendant, Charles W. Gunn, Jr.
>
> "The Court is further of the opinion that the statute of limitations is one year as to the defendant, Gunn, and is controlled by Sections 8-24 and 64-135 (now 64.1-145) of the Code of Virginia, as amended, and it appearing to the Court from the pleadings filed herein that this action was not filed within one year from the date the cause of action accrued, the Court doth sustain the Plea in Bar filed by the defendant, Charles W. Gunn, Jr.
>
> \* \* \* \* \*
>
> "The Court being of the opinion that judgment should be granted the complainants as to defendant, William M. A. Romans, Jr., doth continue this cause for the appointment of a Special Commissioner to ascertain the amount of said judgment."

Although the McCormicks designated Romans as an appellee when they took their appeal, their assignments of error relate only to the trial court's action in sustaining Gunn's demurrer and plea in bar, so the court's action with respect to Romans is not before us. We consider only the dismissal of the suit as to Gunn, who has not filed a brief in this appeal.

As has been noted, Gunn's demurrer was sustained because the partnership of Romans and Gunn was not named as a party defendant in the caption of the McCormick's amended motion for judgment. The question arises whether it was essential for the McCormicks to do so in order to maintain their suit.

The case was styled "Gladys McCormick v. William M. A. Romans, Jr. and Charles W. Gunn, Jr." A reading of this caption together with the body of the amended motion for judgment discloses that Romans and Gunn were being sued as co-partners of the law firm of Romans and Gunn, which allegedly was indebted to the McCormicks. At common law a partnership could neither sue nor be sued in the firm name, because it was not recognized as a separate entity. *See Dolph v. Cortez,* 8 Ariz. App. 429, 430, 446 P.2d 939, 940 n.1 (1968); *Courson v. Parker,* 39 W.Va. 521, 523-24, 20 S.E. 583, 585 (1894). *See also* 60 Am.Jur.2d *Partnership* § 322 at 212 (1972). The general rule was that when a suit was brought on a contract entered into with the firm, all of the partners had to be joined, either as plaintiffs or defendants. *Strother's Adm'x v. Strother* 106 Va. 420, 427, 56 S.E. 170 (1907); 1 Barton, *Pleading & Practice in the Courts of Chancery* 114 (1926).

The Uniform Partnership Act, Title 50, Code of Virginia, as amended, provides that in cases not covered by the Act, the "rules of law and equity . . . shall govern." Code § 50-5. Code § 50-13 provides that a partnership is liable to a person not a partner for any wrongful act or omission by a partner acting in the ordinary course of the business of the partnership to the same extent as the partner so acting or omitting to act. Likewise, § 50-14 makes a partnership liable for a loss due to a breach of trust by a partner. Under § 50-15 all partners are liable jointly and severally for everything chargeable to the partnership under §§ 50-13 and 50-14. The Act does not specify whether it is essential to name the partnership as a defendant in a suit against the partners. Thus, the common law rule prevails in Virginia.

We hold, therefore, that the inclusion of the partnership name as a defendant in the caption of the case was not essential, and that it was error for the trial court to sustain Gunn's demurrer.

In sustaining the plea in bar, the trial court ruled that the statute of limitations was one year as applied to defendant Gunn, and that the suit was not filed within one year from the time the cause of

action accrued.[1] In determining the limitation period, the court relied upon Code §§ 8-24[2] and 64.1-145,[3] as amended.

We do not think either of these statutes is applicable to the case at bar. It will be remembered that the McCormicks' suit was brought for breach of an express oral contract. Code § 8-13 is controlling. It provides in part:

> "§ 8-13. **Limitation of personal actions generally.**—Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have first accrued, that is to say:
>
> "If the case be upon any contract by writing under seal, whether made by a public officer, a fiduciary or private person within ten years;
>
> "If it be upon an award or upon a contract in writing signed by the party to be charged thereby, or by his agent, but not under seal, within five years; and
>
> "*If it be upon any other contract express or implied within three years. . . .*" (Italics supplied.)

We hold that the limitation period of three years is applicable to this case. The question then becomes: when did the period begin to run?

As a general rule, the statute of limitations begins to run against a cause of action at the time of its accrual. But where there is an undertaking which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking. *Wilson* v. *Miller*, 104 Va. 446, 448, 51 S. E. 837, 838 (1905). This special rule is applicable to a continuing agreement between at-

---

[1] The court made no finding as to when the cause of action accrued.

[2] "§ 8-24. **Of actions not before specified.**—Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. . . ."

[3] "§ 64.1-145. **Action for goods carried away, waste, or damage to estate of or by decedent.**—An action at law for money damages may be maintained by or against a personal representative for the taking or carrying away of any goods or for the waste or destruction of, or damage to, any estate of or by his decedent."

torney and client. *Beale* v. *Moore*, 183 Va. 519, 525-26, 32 S.E.2d 696, 698-99 (1945). Indeed, it is particularly appropriate to an attorney-client agreement in view of the confidence and trust inherent in that relationship. *Keaton Co.* v. *Kolby*, 27 Ohio St.2d 234, 237, 271 N.E.2d 772, 774 (1971).

In this case, the McCormicks' allegations show clearly that the agreement between Mrs. McCormick and the firm of Romans and Gunn required a continuation of services by the partnership from April 1963 until August 1967. The allegations further show that the agreement was terminated when the misappropriations by Romans were discovered and demand was made in October 1967 for payment of the balance claimed to be due Mrs. McCormick. The statute of limitations began to run only upon such termination in October 1967, and Mrs. McCormick's motion for judgment was filed the following month. So the claim was not barred by the statute of limitations, and it was error for the trial court to sustain Gunn's plea in bar.

For error in sustaining the demurrer and plea in bar, the decree dismissing Gunn as a party to the suit will be reversed. He will be reinstated as a party defendant and the case remanded for appropriate proceedings.

*Reversed and remanded.*