## CIRCUIT COURT OF ARLINGTON COUNTY

Gladys Bottomly

v.

Charles B. Sullivan, Jr.

January 20, 1978.

Case No. (Law) 18550

By JUDGE CHARLES H. DUFF

The Defendant has filed a Motion for Summary Judgment based upon the Statute of Limitations. Argument on the motion was held January 13, 1978, and able briefs have been filed. I have carefully examined the authorities cited in the briefs and am of the opinion that the motion must be denied. A brief resume of the facts leading to the present litigation is necessary to clarify the basis of this opinion.

The Motion for Judgment filed by the Plaintiff alleges that she was involved in an automobile accident on September 10, 1971, with one Robert F. Ready. Following the accident she retained and employed the present Defendant as her attorney to secure damages from Ready as a result of his alleged negligence in causing the accident.

On January 26, 1972, the Defendant Sullivan filed an action at law for damages on the Plaintiff's behalf against Robert F. Ready in this court, the action being denominated Law No. 15417. Thereafter, service of process of the Motion for Judgment upon Ready was returned "not found" on January 31, 1972. The present suit alleges that the Defendant, Sullivan, took no further action thereafter to accomplish service upon Ready.

On February 28, 1975, a Motion to Dismiss the personal injury action was filed on behalf of Robert F. Ready

for failure to obtain service of process upon him within one year. On March 21, 1975, the suit by the present Plaintiff against Ready was dismissed by the court for failure to comply with Rule 3:3(c), Rules of the Supreme Court of Virginia.

The present action against her former attorney was filed by Gladys E. Bottomly March 15, 1976, alleging negligence, breach of contract of employment, and breach of warranty. In argument as well as in his brief, the Defendant contends that the Statute of Limitations began to run on the date that his negligence occurred, which he asserts was one year after he filed suit on behalf of Gladys Bottomly, namely January 27, 1973. He argues that his client's cause of action against Ready was lost on that date because service had not been obtained on the Defendant during the immediately preceding year while the suit was pending. If this contention is correct, the present action is barred as it was filed more than three years after the cause of action accrued.

The Plaintiff, on the other hand, contends that the Statute of Limitations did not begin to run until the termination of the attorney-client relationship which she asserts ran at least through April 5, 1975. If her contention is correct, then summary judgment should be denied.

The applicability of the Statute of Limitations in legal malpractice cases has been before the Virginia Supreme Court on two recent occasions. In *McCormick* v. *Romans*, 214 Va. 144, 198 S.E.2d 651 (1973), the Court held as follows:

> As a general rule the Statute of Limitations begins to run against a cause of action at the time of its accrual. But where there is an undertaking which requires a continuation of services, the Statute of Limitations does not begin to run until the termination of the undertaking. *Wilson* v. *Miller*, 104 Va. 446. This special rule is applicable to a continuing agreement between attorney and client. . . indeed it is particularly appropriate to an attorney-client agreement in view of the confidence and trust inherent in that relationship. *Keaton Company* v. *Kolby*, 27 Ohio 2d 234, 271 N.E.2d 772 (1971).

In *Oleyar* v. *Kerr, Trustee*, 217 Va. 88 (1976), the Plaintiff sought damages against her attorney, alleging negligence. The Court noted that even though the allegations charged negligence, the relationship between the parties was grounded in the contract of representation. But for the contract no duty would have existed. After recognizing that the decided cases in other jurisdictions are not unanimous, the Court adopted what it termed the better reasoned view and held that an action for the negligence of an attorney, while sounding in tort, is an action for breach of contract.

In *Keaton Company*, *supra*, cited in the *McCormick* decision, the Ohio court held that there should be no logical basis for a distinction between the limitation period as applied to physicians and lawyers and that a cause of action for malpractice against an attorney accrues, at the latest, when the attorney-client relationship finally terminates.

In a somewhat factually analogous decision the Court in *Siegel* v. *Kranis*, 288 NYS 2d 831, clearly held that the continued representation theory should be applied. The claim asserted by the Plaintiff against the attorney alleged his negligence in not filing a claim with the Motor Vehicle Accident Indemnification Corporation within sixty days after the accident as prescribed by the statute. This cut-off date would have been May 15, 1960. Thereafter a jury found that the attorney had, in fact, been negligent in not filing the claim. Their verdict was returned September 23, 1965. The attorneys contended that the Statute of Limitations began to run against them on May 15, 1960; plaintiff contended that it began to run when the jury returned its finding on September 23, 1965. The Court held in favor of the latter and buttressed its reasoning as follows:

> We believe that the rule is equally relevant to the conduct of litigation by attorneys. The resemblance between the continuous treatment of a condition of a patient by a physician and the continuous representation of a client in a law suit by an attorney is more than superficial. In both instances the relationship between the parties is marked by trust and confidence; in both there is presented an aspect

of the relationship not sporadic but developing; and in both the recipient of the service is necessarily at a disadvantage to question the reason for the tactics employed or the manner in which the tactics are executed. . . .

We note too that a contrary rule concerning the accrual of a cause of action against an attorney for malpractice in the management of litigation might well lead to procrastination by the attorney to postpone the inevitable event of defeat. The author of the disaster should not be enabled to chart the strategy to avoid the liability for his own negligence. Otherwise, negligence could be disguised by the device of delay, and an attorney rewarded by immunity from the consequence of his negligence.

The final order in the *Bottomly v. Ready* case indicates that the Defendant represented Gladys E. Bottomly at the argument of the Motion to Dismiss on March 14, 1975, his endorsement appearing on the final order as "counsel for Plaintiff." Thereafter, on April 5, 1975, he wrote to Mrs. Bottomly advising that Nationwide Insurance Company had indicated willingness to take care of the medical expenses. He asked his client for information regarding certain medical bills and stated that he would need copies of the bills in order to secure reimbursement.

It is my conclusion that the record demonstrates the continued representation of Mrs. Bottomly and that it would be improper to hold that the attorney-client relationship terminated on January 27, 1973.

I am not unmindful of the cases cited by the Defendant and his argument that the Statute of Limitations begins to run from the date of the negligent act, and not from the date of damages. Conceding the applicability of such assertions to other factual situations, I do not believe they control here. The *McCormick* decision clearly teaches that in a continuing relationship between an attorney and client, the statute does not begin to run until the termination thereof. Accordingly, the present action was timely filed.