## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Smith

v.

Hampton

November 12, 1982

Case No. (Law) 7629

## By JUDGE ALBERT H. GRENADIER

This is an action brought against the defendant attorney for negligence allegedly occurring during the course of his representation of the plaintiff in the handling of various estate matters. The defendant has moved for a summary judgment in his favor on the grounds that this action is barred by the applicable statute of limitations.

An action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract and is thus governed by the statute of limitations applicable to contracts. *Oleyar v. Kerr*, 217 Va. 88 (1976). Therefore, under the provisions of § 8.01-246 of the Code of Virginia, the applicable limitation is three years.

The statute of limitations begins to run when the cause of action accrues. In ruling on the defendant's motion, the Court must determine when this particular cause of action accrued. In *McCormick v. Romans and Gunn*, 214 Va. 144 (1973), which was a legal malpractice case, the Supreme Court of Virginia held that where there is an undertaking which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking. The Court pointed

out that this rule is particularly appropriate in view of the confidence and trust inherent in the attorney-client relationship.

In *Farley v. Goode*, 219 Va. 964 (1979), the Court applied the same principle in a medical malpractice case, holding that when malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of the injury occurs, the cause of action accrues, and the statute of limitations commences to run when the improper course of examination and treatment terminates.

In this case the motion for judgment alleges that the attorney-client relationship with respect to the handling of the estate matters extended from the original retention of the defendant in late 1976 until the spring of 1981, when he was discharged. Assuming for the purpose of this motion that this allegation is true, under the principles enunciated in *McCormick* and *Oleyar* the Court is of the opinion that the injury occurred, the cause of action accrued and the statute of limitations began to run when the defendant's services were terminated.

Accordingly, the Court will deny the defendant's motion for summary judgment.

The Court feels that another matter should be addressed in this case and that is whether the Judges of this Court should recuse themselves from further consideration of this case. It is the usual practice in this Court to have a judge designate appointed when one or more of the litigants is an attorney who regularly appears before this Court. The reason for this is self evident. The Court must not only guard against any appearance of impropriety, but must also insure that both parties will get a fair and impartial hearing free from all possible bias or prejudice.