## CIRCUIT COURT OF LOUDOUN COUNTY

Robert Coakley

v.

Robert Orr,
Bruce Roberts,
Peoples Drug Stores, Inc.

October 19, 1984

Case No. (Law) 7428

By JUDGE WILLIAM SHORE ROBERTSON

On October 10, 1984, the Court heard argument on the Plea in Bar filed by the defendant, Bruce Roberts (Roberts) that the plaintiff's claim is barred by the applicable Statute of Limitations and took this matter under advisement. After due consideration of the argument of counsel together with their memoranda filed on this issue, the Court concludes that the Plea must be granted to the extent that recovery is sought for alleged wrongs committed by Roberts prior to June 8, 1981.

On October 7, 1983, the plaintiff, Robert Coakley, filed his Motion for Judgment against the defendant Robert Orr, M.D. (Orr), and the defendants, Roberts and Peoples Drug Stores, Incorporated (Peoples), separate pharmacists, alleging that from late 1976 through the fall of 1981, Orr, a physician, negligently prescribed certain medications and that Roberts and Peoples negligently filled these prescriptions resulting in injury and damage to him. Roberts's Plea in Bar avers that since Coakley's Notice of Claim required by Va. Code Section 8.01-581.2 was given on June 8, 1983, all actions for personal injury against him prior to June 8, 1981, would be time barred by Virginia's two year Statute of Limitations as to personal injury actions. Va. Code Section 8.01-243. While the Court's file does not affirmatively show that the Notice

of Claim was filed on June 8, 1983, the Court will assume this to be true for the purpose of this letter opinion. Assuming further that Roberts continued to sell medication to Coakley after June 8, 1981, the Court must determine whether Coakley is entitled to rely upon the "continuous treatment rule." If so, Coakley's full claim against Roberts would not be time barred by the two year Statute of Limitations, however, if this rule does not apply, it would be time barred as to those acts arising prior to June 8, 1981.

The "continuous treatment rule" finds it most recent expression in the case of *Farley v. Goode*, 219 Va. 969 (1979), involving dental malpractice and *Fenton v. Danaceau*, 220 Va. 1 (1979), involving medical malpractice. Earlier applications of the rule are found in *Wilson v. Miller*, 104 Va. 446 (1905), involving an attorney in fact misconduct and *McCormack v. Romans & Gunn*, 214 Va. 144 (1973), involving attorney misconduct or malpractice. Counsel concede and the Court has found no specific authority applying the doctrine in a pharmacist malpractice case. The issue then for the Court is to determine whether the rule should be so applied.

In *Farley*, the Court stated the rule as follows in 219 Va. at p. 964:

> [T]hat when malpractice is claimed to have occurred during a continuous and substantially uninterrupted *course of examination and treatment in which a particular illness or condition should have been diagnosed* in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates. (Emphasis added and citations deleted.)

As a basis for applying the rule, the Court has observed a policy consideration that not to apply it to a continuous physician-patient relationship would be to "generate suits in the midst of a course of treatment." *Id.*, p. 978. However, here there is no continued course of examination or treatment in which a particular illness or condition should have been diagnosed. Such

a relationship does not exist between the pharmacist and its customer. Indeed, as Roberts has noted in his memoranda, the "pharmacist does not know whether he will ever see a particular customer again." Roberts's memorandum, p. 10. Even here, Coakley purchased his medicine from at least two pharmacists.

In *Wilson v. Miller*, 104 Va. 446 (1905), the rule was applied against an attorney in fact. There the Court noted in 104 Va. at p. 446:

> As a general rule when there is an undertaking or agency which *requires* a continuation of services, the Statute of Limitations does not begin to run until the termination of the undertaking or agency. (Italics added.)

Here, as noted above, there is no such requirement that services be continued. The pharmacist was from time to time merely a purveyor of goods and services to Coakley. At no time did he stand in a relationship to him akin to a dentist as in *Farley*, as a physician in *Fenton*, as an attorney in fact in *Wilson*, or as an attorney at law in *McCormack*.

Although no argument has been heard as to Peoples, I will assume that this opinion applies to them as may be appropriate from a reading of the pleadings unless there is a contrary showing.