CIRCUIT COURT OF THE CITY OF RICHMOND

C. Arthur Weaver Co., Inc.

    v.

H. C. Boone et al.

December 13, 1984

Case No. LE-928

By JUDGE MELVIN R. HUGHES, JR.

Defendants' Motion [for Summary Judgment] is based on its contention that plaintiff's action is barred by the statute of limitations.

According to stipulations of fact of the parties filed upon consideration of the Motion and agreed facts in the pleadings and interrogatories, defendants, partners in an accounting firm, were employed by the plaintiff to provide accounting services some years prior to 1975. In 1975-1976, plaintiff sought to acquire Parker-Nimmo Corp. (Parker) and in March, 1976, engaged defendants to provide accounting advice and assistance on the acquisition as well as file appropriate federal and state income tax returns. In September, 1977, after the returns were filed on March 15, 1977, and on April 15, 1977, an accountant not connected with defendants advised plaintiff that the returns contained errors on the reporting of the Parker acquisition and that approximately $39,000 in additional taxes were owed the federal government. After being contacted by plaintiff, defendants prepared amended tax returns but did not file them as plaintiff agreed with defendants that an IRS blind ruling on the

propriety of the reporting of Parker acquisition should be first obtained.

In September 1978, defendants advised plaintiff that IRS would not issue a ruling. In October 1978, after an exchange of letters on the subject, plaintiff decided not to amend its 1976 tax returns. In July 1979, IRS advised plaintiff of its intent to conduct an examination of its 1977 return which was later expanded to include the 1976 and 1978 returns. Defendants represented plaintiff in this process up to August 1980, and advised plaintiff throughout this period. Finally, in September 1980, plaintiff received a Federal Notice of Tax Assessment on the 1976 tax return and paid additional taxes, interest and penalties due for that year as well as additional state taxes, interest and penalties in October 1980.

Plaintiff seeks the recovery from defendants of $54,346.16 as damages due to the alleged negligent handling by defendants of its accounting and tax services in the acquisition of Parker.

Any duty owed to plaintiff can only be derived from contract. Oleyar v. Kerr, 217 Va. 88. Accordingly, the contract statute of limitations applies, either three years or five years, pursuant to § 8-13, Code of Virginia of 1950, as amended.

Where there is an undertaking requiring the continuation of services, the Supreme Court of Virginia has held as an exception to the general rule, that the statute of limitations did not begin to run until the termination of the undertaking. McCormick v. Romans and Gunn, 214 Va. 144; Farley v. Goode, 219 Va. 969. Given the chronology of events the accounting and tax services to be rendered to plaintiff by defendants was continuous and substantially uninterrupted throughout and until August 1980, as to advice and services on the acquisition and the filing of the returns.

It is unnecessary, therefore, to determine whether breach of the agreement occurred before since the services were terminated in August 1980 and this action was filed on June 24, 1981.

Accordingly, the motion is denied.