# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

The Virginia Corp.

v.

Stephen O. Hessler

August 22, 1985

Case No. (Law) 9314

By JUDGE DONALD H. KENT

In this legal malpractice case the plaintiff alleges that he retained the defendant to defend a lawsuit and that the defendant negligently failed to file grounds of defense which resulted in a default judgment against the plaintiff. The defendant has filed a Plea in Bar based upon the Statute of Limitations.

On July 12, 1979, Agnes Owens was injured in an elevator accident in the Commonwealth Building in Arlington County, Virginia. At the time of the accident the owner of the building was Albert Ginsberg, trading as Algin Management Co. In December of 1980, Algin Management Co. conveyed its interest in the building to Algin Properties Corp. In July of 1981, Owens filed her Motion for Judgment against Algin Properties Corp. (Law No. 6831). Algin Properties Corp. referred the case, through its insurance carrier, to Stephen O. Hessler, an attorney and the defendant in the case at bar. Hessler failed to file responsive pleadings in the case which were due on October 15, 1981. After fruitless negotiations with counsel for the plaintiff, a default was entered on March 24, 1982. Hessler withdrew as counsel on March 15, 1983. On October 5, 1983, following a jury trial on the issue of damages alone, a default judgment in the amount of

$45,000 was entered against Algin Properties Corp., which judgment was finally discharged on July 3, 1984, upon payment of $43,500. The plaintiff in the case at bar is the successor corporation to Algin Properties and seeks to recover the amount of money it was forced to pay Owens as a result of the malpractice of Stephen Hessler, as well as interest and costs. The allegations contained in the Motion for Judgment have, in substantial part, been stipulated to by the defendant. The defendant, however, interposes a Plea in Bar, alleging that any cause of action the plaintiff may have had is now barred by the applicable Statute of Limitations. In the alternative, the defendant argues that his negligence was not the proximate cause of the judgment obtained against Algin Properties Corp.

I. *Whether the Instant Case is Barred by the Applicable Statute of Limitations?*

A. What is the applicable Statute of Limitations in the instant case?

The case at bar is one of legal malpractice. The Motion for Judgment charges that Stephen Hessler "negligently failed to interpose and file a timely Answer on behalf of Algin Properties Corp. in the case filed by Agnes Owens" and "negligently failed to take steps to set aside the default judgment" entered on March 24, 1982 and on October 5, 1983. The cause of action, therefore, sounds in tort and, it is argued, the one year Statute of Limitations found in Code § 8.01-284 should apply. Counsel for the plaintiff counters that although the cause of action sounds in tort it is in reality a contract action based upon the attorney-client relationship. The Statute of Limitations for a contract action based upon an implied or unwritten contract is three years. Code § 8.01-246(4).

Even though the cause of action sounds in tort it is "grounded upon and has its inception in the contractual relationship brought about by the oral [attorney-client] agreement. "An action for the negligence of an attorney in the performance of professional services. . . is an action for breach of contract and thus governed by the Statute of Limitations applicable to contracts." *Oleyar v. Kerr*, 217 Va. 88 (1976).

The duty that was breached was the duty to use due diligence in the defense of the Owens case. Absent a contractual relationship between Hessler and Algin Properties, no duty would have arisen. Therefore, the cause of action, although sounding in tort, is in fact a contract action and the three year Statute of Limitations applicable to contracts not in writing should be applied. Code Section 8.01-246.

B. At what point did Algin Properties Corp.'s cause of action against Stephen O. Hessler accrue?

It is clear that the Statute of Limitations begins to run when a cause of action accrues and not when the resulting damage is discovered. Code § 8.01-230. A cause of action for a breach of contract accrues on the date of the breach. These Code provision are reflective of a strong state policy in favor of early vesting of actions even though harsh results may be experienced in a substantial number of cases. Boyd, T. Munford, Graves, Edward S., and Middleditch, Leigh B., Jr., *Virginia Civil Procedure* at 153 (1982).

The limitations period generally begins to run when the action accrues, but "where there is an undertaking which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking. . . . This special rule is applicable to a continuing agreement between attorney and client." *McCormick v. Romans*, 214 Va. 144, 148-49 (1973). The limitations period did not begin to run until the termination of the attorney-client relationship on March 15, 1983.

II. *Whether the Judgment Entered in Favor of Agnes Owens Against Algin Properties, Inc. Proximately Resulted from the Malpractice of Stephen O. Hessler?*

In order to "recover against an attorney for negligence, a plaintiff must prove (1) the attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of the plaintiff's loss." *Byrd v. Martin, Hopkins, Lemon and Carter, P.C.*, 564 F. Supp. 1425, 1427 (W.D. Va. 1983), aff'd, 740 F.2d 961 (4th Cir. 1984). Both the fact of the attorney-client relationship and the negligence of

the defendant have been stipulated to by the parties. The remaining issue is whether Algin Properties' loss was proximately caused by the negligence of Stephen O. Hessler. In other words, even if Hessler had performed his duties in a skillful manner, would Algin Properties, Inc., have lost the Owens lawsuit?

The Virginia Corporation argues that the proper defendant in the Owens lawsuit was Albert Ginsberg, and not Algin Properties Corp., since Algin Properties did not own the building on July 12, 1979. Therefore, in no event could Owens have recovered against Algin Properties in a trial on the merits.

Hessler, in turn, argues that since Ginsberg and related parties control Algin Properties Corp. the trial court most certainly would have permitted Owens to have amended her pleadings to substitute Albert Ginsberg, trading as Algin Management Co., for Algin Properties Corp. Hessler is probably correct in this assertion, however, the ability to amend is irrelevant, for the issue is not whether could have recovered against some entity owned or controlled by Albert Ginsberg, but whether Owens could have recovered against Algin Properties Corp. It is clear that no recovery could be had against Algin Properties Corp. since it had no interest in the building on the date of the accident.