VAIL, APPELLANT, *v.* TOWNSEND ET AL., APPELLEES.

(No. 85AP-536 — Decided December 31, 1985.)

*Isaac, Brant, Ledman & Becker, Frederick M. Isaac* and *Charles W. Hess,* for appellant.

*Murphey, Young & Smith, David J. Young* and *James S. Savage,* for appellees David Townsend and Ronald L. Solove.

*Lane, Alton & Horst* and *John M. Alton,* for appellees Daniel D. Connor and Ronald J. Koltak.

MOYER, J.   This matter is before us on the appeal of plaintiff-appellant, Kenneth E. Vail, from a summary judgment of the Court of Common Pleas of Franklin County in favor of defendants-appellees Townsend and Solove on plaintiff's complaint against them for malpractice.

The important facts are not in dispute. In 1981, plaintiff's former wife filed a complaint for divorce in the Franklin County Court of Common Pleas, Division of Domestic Relations, whereupon plaintiff employed defendants to represent him. During the course of negotiations by defendants with the lawyers of plaintiff's former wife, it became apparent that one of the marital joint and several liabilities was a promissory note for $15,000 payable to the parents of plaintiff's former wife, the Brannans.

During a meeting in 1981 among the parties, their attorneys and an accountant, defendants advised plaintiff to sign a handwritten agreement which purportedly divided the assets and liabilities of the parties. The handwritten agreement made no reference to the $15,000 promissory note, but plaintiff testified in his deposition that his wife agreed to be solely responsible for the note and hold him harmless for payment of the note. The judgment entry that was finally filed did not include a hold-harmless agreement, but defendants allegedly

assured plaintiff that he could look to his former wife for indemnification. There is evidence that plaintiff signed the judgment entry reluctantly because there was no reference to the indemnification in the agreement. The judgment entry was filed on March 11, 1982, and, in July 1982, the Brannans sued plaintiff on the note; plaintiff filed a third-party complaint against his former wife asserting the unwritten hold-harmless agreement. Plaintiff's former wife denied the existence of the hold-harmless agreement and any responsibility for payment of the note.

On January 31, 1983, at defendants' behest, plaintiff filed a motion pursuant to Civ. R. 60(B) seeking to have the judgment entry in the domestic relations division vacated on the basis that defendants had mistakenly failed to provide for the payment of the note in the entry. The trial court overruled the motion but no journalized entry has been filed. On May 11, 1983, plaintiff notified defendants that he was terminating their lawyer-client relationship. He then hired attorneys Daniel D. Connor and Ronald J. Koltak to represent him in the lawsuit on the note. A jury returned a verdict in favor of the Brannans on their note and against plaintiff on his third-party complaint against his former wife. The entry reflecting the jury's verdict was filed on November 21, 1983.

On May 4, 1984, plaintiff filed this malpractice action against defendants. Defendants' motion for summary judgment was granted on the ground that the one-year statute of limitations had run as of July 14, 1983, which was one year following the filing of the Brannans' lawsuit against plaintiff.

Plaintiff asserts the following four assignments of error in support of his appeal:

"1. The trial court erred when it granted summary judgment in favor of appellees on the grounds that the statute of limitations had run because

the court erroneously applied the discovery rule which does not control this case.

"2. The trial court erred when it granted summary judgment in favor of appellees on the grounds that the statute of limitations had run because there exists a genuine issue of material fact as to when appellant discovered or should have discovered the resulting injury.

"3. The trial court erred when it granted summary judgment in favor of appellees on the grounds that the statute of limitations had run because appellant had no resulting injury as a matter of law until six months prior to his filing the lawsuit.

"4. The trial court erred when it granted summary judgment in favor of appellees on the grounds that the statute of limitations had run because the statute was tolled until appellant terminated the attorney/client relationship."

We will dispose of the fourth assignment of error first, as it is dispositive of this appeal. It is undisputed that plaintiff terminated his professional relationship with defendants on May 11, 1983, and that he filed his malpractice complaint less than one year later, on May 4, 1984. Plaintiff argues that the one-year limitation on the filing of actions in R.C. 2305.11(A) is tolled while the lawyer and client continue to have a lawyer-client relationship. That is, even though it can be argued that plaintiff should have known that certain of the acts or omissions committed by defendants prior to May 11, 1983 allegedly constituted malpractice, the statute of limitations did not begin to run on those acts until plaintiff had terminated his relationship with defendants. Plaintiff urges that this court should adopt the holdings and rationale found in cases in a number of foreign jurisdictions. For the reasons that follow, we agree.

The court in *McDermott* v. *Torre* (1982), 56 N.Y. 2d 399, 408, 452 N.Y.

Supp. 2d 351, 355, 437 N.E. 2d 1108, 1112, stated the rationale for the continuous treatment doctrine for the tolling of a statute of limitations as follows:

"The policy underlying the continuous treatment doctrine seeks to maintain the physician-patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on a case from onset to cure [citation omitted]. Implicit in the policy is the recognition that the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so."

In a discussion of the termination and discovery rules prior to the Supreme Court's change in the rule, the Court of Appeals for the Eighth District, in *Saultz* v. *Funk* (1979), 64 Ohio App. 2d 29, at 33 [18 O.O.3d 19], observed that:

"Generally, the discovery rule favors the patient by extending commencement of the statutory period until he discovers or should discover the malpractice, thus reducing the possibility that a valid claim will be lost. Where the injury is discovered during a continuing course of treatment, however, to require the patient to sue may be seen as destroying the mutual confidence in the physician-patient relationship. [Citation omitted.] 'Such a requirement would place the patient in the unacceptable situation of deciding whether to continue the ongoing treatment and thus risk the chance of forfeiting his right to bring suit at a later date, or terminate the relationship, and, perhaps, deny the physician the opportunity of correcting his error.' * * *"

Both of those cases involve medical malpractice but the principle applies to any professional malpractice, including attorney malpractice.

It should not be the purpose of the law to discourage professional relationships. Where a lawyer makes a mistake in the representation of his or her client, no purpose is served by a policy of law that says, in effect, that the client should be penalized for permitting the attorney to correct his or her mistake rather than sue the attorney upon discovery of the mistake, thereby ending the relationship and the attorney's opportunity to correct his or her error. The facts in the case before us are an excellent example to demonstrate that proposition. Had defendants been successful in their Civ. R. 60(B) motion and the judgment decree of the domestic relations division been modified to reflect the purported oral agreement, it is unlikely that a malpractice action against defendants would have been filed. There are many errors that may be committed by a professional person. To hold that a client must hastily file a claim against an attorney for every error that can be made, in our judgment, serves no purpose. If the statute of limitations is tolled until the lawyer-client relationship terminates, both the client and the lawyer benefit from such a rule because the client has more time in which to bring his or her claim and the lawyer has an opportunity to correct an error.

Defendants argue that such a holding violates the syllabus of *Skidmore & Hall* v. *Rottman* (1983), 5 Ohio St. 3d 210. We disagree. The issue in *Rottman* was not the tolling of a statute; it was whether Ohio would adopt the termination rule or discovery rule. As the note at Annotation (1984), 32 A.L.R. 4th 260, 335, Section 17 [a] indicates, the tolling provisions are exceptions to statutes of limitations and the continuous representation doctrine is consistent with the discovery rule. See the following cases concerning the continuous representation doctrine: *Weisberg* v. *Williams, Connolly & Califano* (D.C. App. 1978), 390 A. 2d 992; *Browder* v. *DaCosta* (1925), 91 Fla. 1, 109 So. 448; *Greene* v. *Greene* (1982), 56 N.Y. 2d 86, 451 N.Y. Supp. 2d 46, 436 N.E. 2d 496; *McCor-*

*mick* v. *Romans* (1973), 214 Va. 144, 198 S.E. 2d 651.

The fourth assignment of error is well-taken and is sustained. The first, second and third assignments of error are nonprejudicial in view of our disposition of the fourth assignment of error and are overruled.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STERN and WISE, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

WISE, J., of the Fifth Appellate District, sitting by assignment in the Tenth Appellate District.