# CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS

Taylor Chiropractic Clinic, Ltd.

v.

Gupton

November 9, 1987

By JUDGE HERBERT C. GILL, JR.

This case involves a claim by a chiropractor against his former patient to collect the amount owed for medical services. Plaintiff treated defendant for injuries defendant received in an automobile accident. During the time of service, both parties agreed that defendant would defer payment pending the outcome of defendant's personal injury suit. *See* defendant's memorandum, statement of facts, (stipulated). Defendant has now collected a money judgment against the tort-feasor.

The General District Court sustained defendant's plea of statute of limitations to all claims prior to December 8, 1983, awarding plaintiff $783.52. Plaintiff appeals.

| Relevant Dates: | | |
|---|---|---|
| | 11/11/81: | Initial treatment. |
| | 11/30/81: | Mutual agreement to defer payment. |
| | 9/13/85: | Final service by chiropractor and judgment awarded in personal injury action. |
| | 12/8/86: | Plaintiff filed claim in present case. |

*ISSUES*

I. What statute of limitations period applies?

II. When did the cause of action accrue?

III. Was the amount charged reasonable?

*DISCUSSION*

I. *The three year statute of limitations for unwritten contracts applies.*

The district Court correctly applied the three year limitations period for action on an unwritten contract. Va. Code Section 8.01-246(4). Plaintiff claims that a five-year limitations period for *written* contracts should apply, asserting that the "Confidential Case History" form signed by defendant is a contract. The document does contain the words, written on the reverse side at the bottom of the page, "Fees payable when service received unless special arrangements are made." However, it is doubtful the parties would have intended the patient history questionnaire to be a contract for medical services. Also, the parties' oral agreement to defer payment pending defendant's personal injury suit is not evidenced by a writing.

II. *The cause of action accrued within three years from the date plaintiff filed suit.*

During the time plaintiff was treating defendant, both parties agreed that defendant's payment of bills could be deferred pending the outcome of defendant's personal injury suit. In effect, the parties made "special arrangements" according to the provision on the back of the Patient Case History Form.

Counsel for defendant now maintains that this oral agreement is unenforceable because it is not in writing. He cites Va. Code Section 8.01-229 which requires that a new promise to pay an existing debt must be in writing in order to toll the statute of limitations period. This statutory provision should not be applicable because no

present, existing debt had accrued when the agreement was made. As of November 30, 1981 (date of agreement), defendant had no balance on his account. Therefore, the agreement was not a new promise to pay an old debt, but an agreement of when *future, expected* debts would be due.

The parties made an oral reformation of the existing contract. The Statute of Frauds is no bar to enforcement because the plaintiff has completed his obligation under the agreement.

Since the parties orally agreed to defer payment, plaintiff had no right to demand earlier payment. The cause of action, therefore, did not accrue until 13 September 1985, within three years of suit being filed.

Even assuming that the parties oral agreement is unenforceable, the statute of limitations would not be a bar because the three year period should be measured from the last date of service under the continuing treatment rule of *Wood v. Carwile*, 231 Va. 320, 343 S.E.2d 346 (1986). In *Wood*, the court held in a collection case by an attorney against a former client, the statute of limitations began to run at the cessation of all the professional services rendered. This was true even though the attorney had a right to require payment for his services before the termination of the relationship.

> As a general rule, the statute of limitations begins to run against a cause of action at the time of its accrual. *But where there is an undertaking which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking.*

*McCormick v. Romans and Gunn*, 214 Va. 144, 148, 198 S.E.2d 651 (1973) (quoting *Wilson v. Miller*, 104 Va. 446, 448, 51 S.E. 857, 383 (1905)). 231 Va. at 325 (emphasis in *Wood*.)

In the present case, it is clear that plaintiff's medical treatment of defendant required a continuation of services. The records indicate that defendant was treated at Taylor Chiropractic Clinic over forty-five times from November of 1981 to September 1985. All of these visits were for the treatment of injuries defendant had received

in one automobile accident. The last item in the account is a bill for Dr. Taylor's expert court testimony at defendant's personal injury trial.

No sound reason exists why a physician should be treated any differently from an attorney for the purposes of determining when a claim for bill collection is time barred.

III. *The amount charged was reasonable.*

Defendant claims that several of plaintiff's charges for court time are excessive and should be reduced. However, there is no evidence in the file indicating that charges are excessive, or what the proper amount should be.