## CIRCUIT COURT OF FAIRFAX COUNTY

William Cassidy

 v.

Henry C. Day et al.

May 28, 1996

Case No. L145338

BY JUDGE F. BRUCE BACH

This matter came before the Court on May 2, 1996, on Defendant Henry C. Day's Pleas in Bar to Plaintiff William Cassidy's Motion for Judgment. Defendant Day contends that Plaintiff's cause of action is barred by the applicable statute of limitations and by Plaintiff's lack of standing to bring this action for legal malpractice because of his assignment to an irrevocable trust of all of his interest in a prior bankruptcy case that is the basis for this action. After careful consideration of the arguments presented and of applicable case law, I overrule the Pleas in Bar and allow Plaintiff's cause of action to proceed.

### Background

In early 1987, Plaintiff first retained Defendant Day and his firm, Defendant Thacher, Swiger, Sweeny & Day ("T, S, S & D"), to represent Plaintiff in his business dealings with Jay Saulsgiver. Beginning in December, 1986, Plaintiff had begun making a series of loan advances to Mr. Saulsgiver under an agreement concerning a joint business venture in which Plaintiff was to provide funding and Mr. Saulsgiver and his corporation, Springfield Contracting Corporation ("SCC"), were to provide services for the environmental cleanup of certain real property located in Spotsylvania County. Plaintiff's loans to Mr. Saulsgiver in 1986 and 1987 totaled $400,000. Defendants Day and T, S, S & D assisted Plaintiff in the creation of The Rappahannock Land Corporation, ("Rappahannock"), a corporation owned by Plaintiff and Mr. Saulsgiver, which was to take title

to the Spotsylvania County property. Upon completion of the cleanup operations, however, Saulsgiver arranged for SCC, rather than Rappahannock, to take title to the property. SCC subsequently executed promissory notes in favor of Plaintiff in the sum of $400,000. The Notes were secured by a Deed of Trust in favor of Plaintiff against the Spotsylvania County property.

Later in 1987, Defendants Day and T, S, S & D represented Plaintiff in a lawsuit brought against Mr. Saulsgiver in Fairfax County Circuit Court. In that case, Plaintiff sought to recover money damages from Mr. Saulsgiver, and to have title to the Spotsylvania County property placed in Rappahannock as had been previously agreed. On June 6, 1988, allegedly on the advice of Defendant Day, Plaintiff entered into a Settlement Agreement under which he was to receive $700,000 and title to another piece of property owned by SCC in exchange for allowing SCC to retain title to the Spotsylvania County Property. On October 22, 1988, this Court entered an Order dismissing Plaintiff's suit against Mr. Saulsgiver with prejudice.

On August 30, 1989, Springfield Contracting Corporation filed a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Virginia. The attorney appointed as Trustee in the bankruptcy proceeding subsequently filed an adversary proceeding challenging the validity of several liens against the Spotsylvania County property, including the lien created by Plaintiff's Deed of Trust. Plaintiff asked Defendant Day to retain an experienced bankruptcy attorney to represent him in the adversary proceeding. In late 1989, Defendant Day enlisted Defendant Thacher's assistance for that purpose. In consultation with Defendant Thacher, Plaintiff ultimately consented to the Trustee's avoiding the lien of Plaintiff's Deed of Trust in exchange for an assurance that the Trustee would not contest an unsecured lien against SCC's bankruptcy estate in favor of Plaintiff in the amount of $800,000.

Plaintiff has received no distributions from SCC's bankruptcy estate and now contends that there are no assets sufficient to pay any part of Plaintiff's unsecured lien. Plaintiff therefore filed this case alleging that Defendants Day, Thacher, Swiger, and T, S, S & D were negligent in their representation of Plaintiff in that they: (1) negligently advised Plaintiff to accept the Settlement Agreement in Plaintiff's case against Mr. Saulsgiver without including protections designed to protect Plaintiff's interests in the event that Saulsgiver filed for bankruptcy; (2) failed to retain an experienced bankruptcy attorney as Plaintiff had explicitly requested; and (3) negligently advised Plaintiff to accept the Settlement Agreement with the

bankruptcy Trustee even though they knew that Plaintiff could have prevailed in the adversary proceeding and retained his right to recover the total amount of his loans to Saulsgiver from the equity in the Spotsylvania County property.

### Statute of Limitations

Plaintiff first filed suit against Defendants on December 14, 1993, but took a nonsuit in that case on March 17, 1995. Plaintiff refiled this action on September 15, 1995. Plaintiff and Defendants are in agreement that, because this is an action for professional negligence, the limitations rules applicable to contracts apply. Therefore, because there was no written retainer agreement between the Defendant-attorneys and their client, the three-year limitation under Va. Code § 8.01-246(4) governing oral contracts applies. *See MacLellan v. Throckmorton*, 235 Va. 341, 344 (1988).

Although Defendant Day is correct in his assertion that his representation of Plaintiff in the lawsuit against Mr. Saulsgiver in this Court had concluded more than three years before Plaintiff filed his initial case against these Defendants, I find that Plaintiff's action against Defendant Day is not time-barred by this fact. The evidence as set forth in the Defendant-law firm's billing records suggests that the "particular undertaking" for which Plaintiff originally retained the services of Defendant Day and his law firm encompassed considerably more than just the litigation against Mr. Saulsgiver. Plaintiff states in paragraph thirteen of his Motion for Judgment that Plaintiff retained Defendants Day and T, S, S & D to "provide him with legal representation with respect to the [joint] business venture" between Plaintiff and Mr. Saulsgiver. The billing records submitted as Exhibit No. 3 to Plaintiff's Response to Defendant's Pleas in Bar support this allegation. Because Defendant's continuing legal services to Plaintiff concerning his business dealings with Mr. Saulsgiver, the Spotsylvania County property, and The Rappahannock Land Corporation are clearly reflected in numerous entries in the law firm's billing records, I find that the "continuation of services" doctrine relied upon by the Virginia Supreme Court in *McCormick v. Romans and Gunn*, 214 Va. 144, 148 (1973), is applicable to this case. Under the rule in *McCormick*, the three-year statute of limitations period did not begin to run until the termination of the whole undertaking for which Defendants were retained to represent Plaintiff. That undertaking did not end until at least December 20, 1990, when the Bankruptcy Court entered an Order approving a compromise between Plaintiff and the Trustee in bankruptcy, whereby Plaintiff

gave up his secured claim under the Deed of Trust in the Spotsylvania County property in exchange for an unsecured claim against SCC's bankruptcy estate. Thus, Plaintiff's initial action against Defendants for legal malpractice filed on December 14, 1993, was timely filed within the applicable three-year statute of limitations period.

Because Defendant Day left the employ of Defendant-law firm on or about September, 1990, there is some remaining question as to whether Defendant Day continued to represent the Plaintiff for the entire duration of the "undertaking," or whether his representation may have ceased prior to the date on which the statute of limitations began to run. The billing-record entries support Plaintiff's contention that Defendant Day continued to actively represent him after his departure from Defendant law firm. The exact date Day's services to Plaintiff terminated is a matter that requires an evidentiary determination and is not appropriately decided on a Plea in Bar.

### Standing

On July 31, 1992, Plaintiff assigned all of his right, title, and interest as a creditor in the SCC bankruptcy proceeding to the Irrevocable Trust of William J. Cassidy. Defendant Day's contention is that, because, Plaintiff assigned his interest to the Trust before any distributions had been paid to him from the bankruptcy estate, Plaintiff gave up his status as a creditor of the bankruptcy estate and can no longer show that he, and not the Trust as a third party, has been damaged as a result of Defendants' alleged negligence.

I find that Plaintiff's Motion for Judgment sufficiently pleads that he individually has suffered damage as the result of Defendants' alleged professional negligence. In paragraphs thirty-one through thirty-three of the Motion for Judgment, Plaintiff has essentially stated that he was damaged at two identifiable times by Defendants' allegedly negligent representation: first, by the Settlement Agreement in Plaintiff's case against Mr. Saulsgiver, wherein Plaintiff gave up his bargained-for right to a fee interest in the Spotsylvania County property in exchange for a mere security interest; and second, by settlement of the bankruptcy adversary proceeding, whereby Plaintiff exchanged his right to a secured interest in the property for an uncontested but highly speculative unsecured claim. Contrary to Defendant Day's arguments, I find that Plaintiff's situation is not analogous to the facts at issue in *Allied Productions, Inc. v. Duesterdick*, 217 Va. 763 (1977). In this case, Plaintiff has already paid out money and

incurred damages in the amount of $400,000 by virtue of the loan advances that he made to Mr. Saulsgiver in 1986 and 1987, and he has been left with increasingly improbably means of recovery. Any recovery by the Trust as assignee of Plaintiff's unsecured claim against the SCC bankruptcy estate merely offsets the damages that Plaintiff, individually, has incurred, but does not deprive him of standing to pursue a cause of action for professional negligence against his former attorneys.

### Conclusion

I find that, for the reasons enumerated above, Defendant Henry C. Day's Pleas in Bar in this matter should be overruled.