(27 Misc. Rep. 227.)

### ROMBERG et al. v. KOUTHER.

(Supreme Court, Appellate Term.    April 21, 1899.)

INSURANCE—SOLICITING AGENTS—BROKERS.
    Laws 1892, c. 641, § 1, forbidding insurers or their agents from including any fee in the premium charged, refers to soliciting agents of the insurers, and not to brokers.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Jacob Romberg and Edwin Romberg against William Kouther.    There was a judgment for plaintiffs, and defendant appeals.    Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

David J. Newland, for appellant.
Theodore Baumeister, for respondents.

LEVENTRITT, J.    This is an action on a contract to procure insurance.    The litigants entered into an agreement in writing, by which, among other things, the defendant employed the plaintiffs to procure for him, as his agents, all fire insurance required by him, at the uniform rate of 1 per cent., in certain specified companies, and without regard to the rate charged by those companies.    The agreement further provides that nothing therein contained should make or constitute the plaintiffs insurers, and expressly declares that they shall act simply and solely as the agents of the defendant.    There is, moreover, reserved to the plaintiffs the right to introduce on the premises wherein the insured property was located such improvements as would enable them to obtain the insurance at lower premiums.    At the time of the execution of the agreement the defendant was paying at a rate exceeding 1 per cent., in accordance with a uniform tariff adopted by what was known as the "Association of Fire Insurance Companies," which combination was shortly thereafter dissolved; re-

sulting in competition, and consequent diversity and reduction of rates. Under the agreement, the plaintiffs, having placed insurance for the defendant in the sum of $17,000, became entitled to $170. The plaintiffs, to place the insurance, expended the sum of $92, which the defendant refunded; and on his refusal to pay the balance this action was instituted. The defendant resisted liability on the ground that the agreement was in violation of the insurance law of this state, and hence void. To support his contention, he invokes certain provisions of chapters 641 and 690 of the Laws of 1892. It would require a strained and unwarranted construction of these statutes to permit this claim to prevail. Chapter 641, Laws 1892, is entitled "An act in relation to fire insurance companies, and for the protection of their policy holders," and section 1 thereof reads:

"It shall not be lawful hereafter for any fire insurance company or for any officer, manager, agent, or other representative of any such company, to include in the sum charged or designated in any policy, as the consideration for insurance, any fee, compensation, charge, or perquisites whatever."

By section 5 the violation of any provision of the act is made a misdemeanor.

This act contains no definition of the term "agent," and in all its provisions uses it expressly as agent of the insurance company. The intention to limit it to some employé or representative of the insurer is unmistakable.

Chapter 690 (being the general insurance law) contains a special definition of the word "agent," but limits its application to the use made of the term in that act. Thus, section 49 reads:

"The term agent in this chapter shall include an acknowledged agent or surveyor or any other person or persons who shall in any manner aid in transacting the insurance business of any insurance corporation not incorporated by the laws of this state, and any broker whose business in whole or in part is to negotiate for and place risks, deliver the policies covering the same and collect premiums therefor."

It is only by importing this definition of the term "agent" into chapter 641 that the plaintiffs are brought within the prohibition of that act. Otherwise, they come merely under the general legal definition of insurance brokers. Even if the agreement did not designate them specially the agents of the defendant, that restricted relationship would nevertheless exist.

Mechem, in his work on Agency, says:

"Insurance brokers procure insurance, and negotiate between insurers and insured. The insurance broker is ordinarily employed by the person seeking the insurance (that is, by the insured), and, when so employed, is to be distinguished from the ordinary insurance agent, who is commissioned and employed by the insurance company to solicit and write insurance by and in the company. The former is the agent of the insured. The latter is the agent of the insurers." Section 931.

A similar interpretation has been given by our court of appeals. Arff v. Insurance Co., 125 N. Y. 57, at page 63, 25 N. E. 1073, 1074; Wilber v. Insurance Co., 122 N. Y. 439, 25 N. E. 926; Allen v. Insurance Co., 123 N. Y. 6, 25 N. E. 309.

It must be borne in mind that chapter 641, forbidding the making of special rates, is penal in its nature, visiting the consequence of a

misdemeanor on the offender. The statute must therefore be strictly construed. By the language of the act, only agents of the insurer are under the ban. We cannot, in order to include the agents of the in-sured, extend the obviously limited application of the term therein by resort to a broader and more comprehensive definition in another statute.

The judgment should be affirmed.

Judgment affirmed, with costs to the respondents. All concur.