# Staunton

## PACIFIC FIRE INSURANCE COMPANY v. CLARA M. BOWERS, ADMINISTRATRIX OF SANDY BOWERS, DECEASED.

September 20, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*Alexander H. Sands* and *Sterling Hutcheson,* for the plaintiff in error.

*F. C. Bedinger* and *Irby Turnbull,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

This is an action brought by defendant in error, Carrie M. Bowers, administratrix of her husband, Sandy Bowers, deceased (hereinafter sometimes referred to as plaintiff) against the Pacific Fire Insurance Company to recover on a fire insurance policy for $2,500 issued by said insurance company on a dwelling and contents owned by the deceased, Sandy Bowers, destroyed by fire on the 20th day of November, 1928. At the time the policy was written the property was partly covered by a policy issued by the Hartford Fire Insurance Company for $8,000 on the dwelling and $2,000 on the contents thereof, and also by a policy in the Southern Home Fire Insurance Company for $1,500 on the dwelling and $1,000 on the contents, which last named policy was issued contemporaneously with the policy sued on in this case. There was a verdict in favor of the plaintiff below for $2,122.26, same being the amount of the total loss sustained by the assured under the three-fourths value clause contained in said policies, which was apportioned to the Pacific Fire Insurance Company, upon which verdict the

court rendered judgment. The policy sued on contained this clause:

"Unless otherwise provided by an agreement in writing added hereto, this company shall not be liable for loss or damage occurring (a) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

■ The only defense made by the insurance company was that this provision of the policy was violated because of the existence of the aforesaid policy with the Hartford Fire Insurance Company at the time the policy sued on was issued. It is conceded by the plaintiff in error that if its agent had notice of the existence of the Hartford policy when the policy sued on was issued, under the well settled rules summarized in *Virginia Fire & Marine Insurance Company* v. *Richmond Mica Co.*, 102 Va. 429, 46 S. E. 463, 102 Am. St. Rep. 846, the above mentioned clause would be considered to have been waived by the insurance company, and the insurer thereby estopped from setting up any breach of the insurance contract. While there is some conflict in the evidence, under the established rule governing this court in the consideration of such evidence, the facts as found by the jury may be stated as follows:

At the time of the issuance of the policy in suit the Pacific Fire Insurance Company was represented in the territory in which the insured property was located by C. W. Gregory, doing business as the Chase City Real Estate Company, and the Southern Home Fire Insurance Company was represented in the same territory by Miss Annie Field. Several years prior to the issuance of the disputed policy Miss Field wrote and issued a policy in the Continental Fire Insurance Company, for which she was then acting as agent, for $3,000 on the dwelling and $2,000 on the contents. This policy was several times renewed for one year periods, but in the early part of 1928 the Continental informed Miss Field that it no longer wrote insurance on country property and requested her to cancel the policy which was then in the possession of the insured.

At that time, Miss Field was not the agent af the Continental Fire Insurance Company but was the agent of the Southern Home Fire Insurance Company. Miss Field thereupon substituted for the Continental policy the policy covering the same risk with the Southern Home Fire Insurance Company which she then represented. Shortly afterwards, however, the Southern Home Fire Insurance Company wrote Miss Field that while they would carry half the risk, they did not care to carry the entire risk of $5,000 on unprotected country property. Miss Field thereupon went to Mr. Gregory as agent for the Pacific Fire Insurance Company and informed him of the situation. She says: "I went to see Mr. Gregory and asked him if he wanted a real good risk. He said: 'Yes'; so I gave it to him. I let him read the letter. He said: 'I will take half and you take half.' So we did. He carried half and I carried half." Miss Field then delivered the two new policies to the wife of the insured who was representing him in his absence, and the $5,000 policy in the Home Insurance Company was taken up and cancelled. It was testified by the wife of the insured that before Miss Field wrote the aforesaid policy in the Continental Fire Insurance Company she informed Miss Field that her husband at that time had a policy in the Hartford Fire Insurance Company for the amount hereinbefore mentioned, and also that when Miss Field brought the new policies to replace the $5,000 policy in the Southern Home Insurance Company she again called her attention to the existence of the Hartford policy. It is insisted by the Pacific Insurance Company, plaintiff in error, that in effecting the insurance in controversy, Miss Field was acting as an insurance broker or as agent of the insured, and not as its agent, and therefore, the knowledge of Miss Field as to the existence of the Hartford policy cannot be imputed to said company, and that such being the case the insurance company cannot be held to have waived the clause in the policy relied on to avoid the insurance.

As said in 1 Joyce on Insurance, page 174:

"Whether one is an agent or broker is a question necessarily dependent on the particular facts of each case."

A number of authorities are cited in the petition as to when one is a broker or is acting as the agent of the insurer. Among the definitions given is that taken from *Arff* v. *Star Fire Ins. Co.,* 125 N. Y. 57, 25 N. E. 1073, 1074, 10 L. R. A. 609, 21 Am. St. Rep. 721, which is quoted as follows:

"What is understood under the designation of an 'insurance broker' is one who acts as a middleman between the insured and the company, and who solicits insurance from the public under no employment from any special company; but, having secured an order, he either places the insurance with the company selected by the insurer, or, in the absence of any selection by him, then with the company selected by such broker. Ordinarily the relation between the insured and the broker is that between the principal and his agent."

The definition given in the case of *Romberg* v. *Kouther,* 27 Misc. 227, 57 N. Y. S. 729, 730, is also quoted, thus:

"The insurance broker is ordinarily employed by the person seeking the insurance, and, when so employed, is to be distinguished from the ordinary insurance agent, who is commissioned and employed by the insurance company to solicit and write insurance by and in the company."

In 14 R. C. L. page 868, an insurance broker is thus defined:

"An insurance broker is one who acts as a middleman between the assured and the insurer, and who solicits insurance from the public under no employment from any special company, but having secured an order, he either places the insurance with a company selected by the assured, or in the absence of any selection by him, then with a company selected by such broker. A broker is the agent for the insured, according to all authorities on the subject, though at the same time for some purposes he may be the agent for the insurer, and his acts and representations within the scope of his authority as such agent are binding on the insured."

██ And in 14 R. C. L. page 875, the law is found stated as follows:

"According to the weight of authority, where an insurance agent who is unable or unwilling to sell insurance in his own company to an applicant therefor procures insurance in a company not represented by himself, either by direct application to the company or through an agent of such company, he acts as the agent of the insurer and not of the insured, and in some jurisdictions it is expressly provided by statute that under such circumstances the insurer shall be charged with the agent's knowledge of any facts affecting the risk issued, and that he shall be considered the agent of the company issuing the insurance."

██ In view of the above definitions we do not think that Miss Field can be said to have been acting as an insurance broker in the instant case. It appears from her own testimony that the insurance with the Pacific Fire Insurance Company was not solicited by the insured, Bowers, nor was she employed by the insured to obtain insurance on the property. On the contrary, it appears that Miss Field herself solicited the insurance when she first placed it in the Continental Fire Insurance Company, and that when that company directed her to cancel the policy, in order to retain the business, she placed it without consulting the insured in the Home Fire Insurance Company, and when that company refused to carry the whole $5,000, she of her own accord applied to Mr. Gregory, agent of the defendant company to carry half of the risk in his company, with the result that Mr. Gregory issued the policy now in dispute. This was done without the solicitation or even the knowledge of the insured until Miss Field took it to the home of the insured and delivered it to his wife as above stated who accepted the policy, as far as the evidence shows, without knowledge on her part or the part of her husband that Mr. Gregory and not Miss Field was the said company's agent. It also appears that the wife of the insured upon the delivery of the policy in dispute paid Miss Field the premium on the same, which she took to Mr. Gregory, who

forwarded the same to the company, less agent's commissions which he divided equally between Miss Field and himself. It is shown that Mr. Gregory, as the Chase City Real Estate Company, had authority to sign and issue policies, cancel policies, collect premiums, and approve risks in the territory for which he was agent. In other words, while he may be termed as a local agent, his agency was local only in a territorial sense, and he had general authority to do whatever was necessary to carry on the insurance business in his territory for his principal. *Travelers' Ins. Co.* v. *Harvey,* 82 Va. 949, 5 S. E. 553. Under these circumstances it seems clear to us that Miss Field was acting in the instant case as agent of the insurer and that her knowledge of any facts affecting the risk must be considered as the knowledge of the company issuing the insurance.

It is argued that the insured must have known that Miss Field was acting as agent for the Chase City Real Estate Company for the reason that the name of the company was written on the back of the policy when it was delivered. It is testified by the plaintiff below, who was acting for her husband in the transaction, that she did not notice the name "Chase City Real Estate Company" on the back of the policy at the time it was delivered to her. We do not think, however, even if she had seen it that it would have been of such significance as to take this case out of the rule that the knowledge of Miss Field must be imputed to the company. In the case of *May* v. *Western Assurance Co.* (C. C.) 27 Fed. 260, where the facts are practically identical with those in the instant case, it was said:

"It seems to me from whatever standpoint you put this case that it would not be fair to release the defendant company from liability. The plaintiff did not go to an insurance broker to employ him to solicit insurance. He never thought of employing an agent to act for him; for he as principal, wanting to buy insurance, went to a man who was selling insurance and proposed to buy from him $20,000

worth of insurance. Judge Ames proposed to sell it to him, and the agent stood in the relation of principal in that negotiation. There was no pretense that when the policies were delivered to the plaintiff, any actual notice was given that Mr. Seeley alone was the agent of the defendant, and the fact that Seeley's name was written across the back of the policy as agent of the defendant is not sufficient to charge the plaintiff with such knowledge. It seems to me that something more was necessary in order to change the relationship the parties expressly assumed toward each other than the implication which arises from the fact that another party's name was written on the policy as agent."

In the case of *Germania Insurance Co.* v. *Wingfield,* 22 Ky. Law Rep. 455, 57 S. W. 456, 457, it was said:

"And it further appears that appellee did not know of the transfer of the application by Clark to the agency represented by Cook and Son, or that the policy was not issued by one of the companies represented by Clark; all of the negotiations about the policy from the time Clark came to appellee's house to solicit the insurance until the delivery of the policy to him being conducted wholly by and through Clark. Under these circumstances, we think the trial court properly instructed the jury that in all matters connected with appellee's application for the insurance, and the delivery of the policy to him and collecting the premium therefor, Clark should be regarded as the agent of appellant" (insurance company).

Counsel for the plaintiff in error relies particularly upon the cases of *Travelers' Ins. Co.* v. *Thorne,* 180 Fed. 82, 103 C. C. A. 436, 38 L. R. A. (N. S.) 626, and *McGraw Wooden Ware Co.* v. *German Fire Ins. Co.,* 126 La. 32, 52 So. 183, 38 L. R. A. (N. S.) 614, 20 Ann. Cas. 1229. The first named case involves health and accident insurance. It appears that Burns, an insurance agent, applied to the insured to take out insurance which he agreed to do. Burns then tried to obtain the insurance in his own company but it was refused. The insured thereupon, *employed* Burns to obtain insurance for him. Burns made out a written application which con-

tained false statements which were material to the risk. The policy contained a clause providing that all of the warranties made by the insured upon acceptance of this policy are true. The false warranties made by the agent on behalf of the insured were then set out. The policy was issued and delivered to Burns, who collected the premium from the insured and paid the same to the insurance company's agent, by whom Burns was paid his commissions. It was held in that case that the insured was bound by the false warranties of the agent, Burns. It is said in the opinion that Burns was *employed* by the insured to get the insurance and the mere fact that he delivered the policy to the insured did not make him the insurer's agent. In the instant case there is no evidence whatever that Miss Field was employed by the assured to obtain the insurance in controversy, or that she even knew that the Pacific policy was to be substituted in part for the old policy until it had been issued by Mr. Gregory and carried to her by Miss Field.

In the *McGraw Case* the insured carried $75,000 on his stock, and the agent in question was employed to effect the insurance, to see that the policies were renewed and to look after the insurance business of the insured. The insured decided to reduce the insurance carried, and the agent, who attended to the insurance business for the insured was directed to cancel all policies in excess of $67,500, with the selection of the policies to be cancelled left to the agent. It was held under the circumstances that the agent was the agent of the insured and not of the insurer. It is apparent that the facts of that case are entirely different from those of the case at bar. Counsel for the plaintiff in error cite numerous other authorities to sustain his contention that Miss Field was acting as an insurance broker and not as agent of the insurance company. Without undertaking to differentiate and discuss the cases relied on, we will say that we have examined the authorities but do not think that they are applicable to the facts in this case for the reason, that in each of the cases cited the facts show that the in-

sured either employed or solicited the agent to obtain the insurance, which, under the rules above referred to, made the agent an insurance broker and therefore, agent of the insured. Upon a careful consideration of the facts involved and the authorities presented, we are of the opinion that the trial court was right in refusing to strike the evidence of the plaintiff below as requested by the plaintiff in error, and also in giving, over its objection, an instruction to the effect that if the jury found the facts above stated to be true, they should find for the plaintiff. The judgment will therefore be affirmed.

*Affirmed.*

EPES, J., dissenting.