## LEONARD HARRIS

### V.

## K & K INSURANCE AGENCY, INCORPORATED, ET AL.

Record No. 941105

January 13, 1995

Present: All the Justices

*Oldric J. LaBell, Jr.* for appellant.
*Robert L. Hodges (E. Duncan Getchell, Jr.; McGuire, Woods, Battle & Boothe,* on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

Under the provisions of our Rule 5:42, the United States Court of Appeals for the Fourth Circuit certified to this Court two questions of Virginia law concerning the issue whether the "continuing undertaking" doctrine is applicable in fixing the date from which

the statute of limitations runs in a cause of action for breach of contract brought by an insured against an insurance agency and one of its brokers. The facts as stated in the certification order are set forth below.

## I.

In 1984, Leonard Harris leased a racetrack known as the Virginia Raceway. The terms of the lease required Harris to maintain insurance coverage, including fire insurance, on the property for the benefit of the racetrack's owners. In accordance with this requirement, Harris obtained insurance coverage through K & K Insurance Agency, Inc. (K & K).

The racetrack owners later questioned whether the insurance coverage was adequate. In response, Harris' wife, Donna, mailed a copy of the lease to Don DeWitt, an employee of K & K, and asked DeWitt to review the document to determine whether Harris had obtained all the insurance coverage required by the lease. DeWitt later returned the lease to Mrs. Harris with a letter, dated March 10, 1988, which stated that "you have all necessary coverage for Virginia Raceway."

On March 26, 1989, a fire at the racetrack destroyed the main building and damaged other improvements. Harris submitted claims for the loss to K & K and, on three occasions, agents of K & K assured him that the claims would be paid. The last occasion on which Harris submitted a claim and received such assurances was February 6, 1990. Thereafter, the insurer, Transamerica Insurance Group, denied the claim. It is undisputed that the policy did not provide coverage for the loss.

In December 1992, Harris filed a motion for judgment against K & K and DeWitt (collectively, DeWitt) in a Virginia circuit court, claiming that DeWitt had breached its contractual duty and was negligent in failing to insure that Harris had obtained the coverage required by the lease for the loss caused by the fire. DeWitt removed the action to the United States District Court for the Eastern District of Virginia based on diversity of citizenship, and the parties consented to reference of the action to a United States magistrate judge for disposition.

DeWitt moved to dismiss the action, arguing that it was barred by the three-year statute of limitations applicable to oral contracts, Code § 8.01-246(4). The magistrate judge agreed that Harris' claim was based on an implied oral contract to provide

services, and ruled that Harris' cause of action accrued on March 26, 1989, the date of the fire. The magistrate judge granted DeWitt's motion to dismiss, based on his conclusion that the three-year statute of limitations began to run on the date of the fire, and was not tolled under the continuing undertaking doctrine. Harris appealed the district court's dismissal of his action.

Following Harris' appeal, the certifying court presented the following questions to this Court:

1. Does the continuing undertaking doctrine apply to insurance agents and agencies?

2. On the facts presented, would the continuing undertaking doctrine apply to toll the limitations period from running on these claims until a time within the limitations period?

## II.

Harris argues that the services DeWitt rendered on his behalf are similar in nature to services rendered by attorneys, physicians, and accountants. He contends that this Court's application of the continuing undertaking doctrine to ongoing services rendered in those professions supports an extension of the doctrine to cover services performed by insurance agencies and their individual brokers.

Harris asserts that, if the continuing undertaking doctrine is applied to DeWitt's services on his behalf, the three-year statute of limitations began to run on February 6, 1990, the date that DeWitt last assisted him in the processing of his fire loss claim. Thus, Harris concludes that his motion for judgment, filed in December 1992, is not time barred.

In response, DeWitt asserts that the continuing undertaking doctrine is inapplicable here, because DeWitt's work for Harris was not related to a particular undertaking which required continuing professional services. Dewitt argues that each sale, renewal, or other action taken by an insurance agency or broker with regard to a policy is a discrete task, rather than part of a continuing endeavor, and that this distinction precludes application of the continuing undertaking doctrine to the dealings of insurance agencies and their brokers with an insured. We agree with DeWitt.

█ Initially, we note that this Court has drawn a distinction between an insurance agent, who acts as the agent of the insurer, and an insurance broker, who ordinarily is employed by the person seeking insurance. *See Pacific Fire Ins. Co. v. Bowers*, 163 Va.

349, 354, 175 S.E. 763, 765 (1934). Although a broker is an agent for the insured, he also may be, at the same time, an agent for the insurer for certain purposes. *Id.* In answering the certified questions, we confine our response to the facts presented when an insurance broker, and the insurance agency by whom the broker is employed, act as agent for an insured.

The continuing undertaking doctrine operates as a limited exception to the rule requiring strict construction of statutes of limitation. *See Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 547, 379 S.E.2d 316, 318 (1989); *Wilson v. Miller*, 104 Va. 446, 448, 51 S.E. 837, 838 (1905). In *McCormick v. Romans*, 214 Va. 144, 148, 198 S.E.2d 651, 654 (1973), we explained that "[a]s a general rule, the statute of limitations begins to run against a cause of action at the time of its accrual. But where there is an undertaking which requires a continuation of services, the statute of limitations does not begin to run until the termination of the undertaking."

This Court has recognized the continuing undertaking doctrine only with regard to a continuous or recurring course of professional services related to a particular undertaking. *Keller v. Denny*, 232 Va. 512, 518, 352 S.E.2d 327, 331 (1987). We have applied the doctrine in cases stating claims of breach of contract or negligence involving the professional services of physicians, attorneys, and accountants.* *See Farley v. Goode*, 219 Va. 969, 976, 252 S.E.2d 594, 599 (1979); *Keller v. Denny*, 232 Va. at 518, 352 S.E.2d at 330; *Boone v. C. Arthur Weaver Co.*, 235 Va. 157, 163, 365 S.E.2d 764, 767 (1988). We further have emphasized that the statute of limitations in such cases begins to run when the services rendered in connection with a particular undertaking or transaction have ended, notwithstanding any continuation of the professional relationship that may involve other work for the same client or patient. *Keller*, 232 Va. at 518, 352 S.E.2d at 330.

In *McCormick*, the "undertaking" at issue required a law firm to develop and sell land for a client over a period of approximately four years. This Court held that the statute of limitations began to run only after the termination of those services by the client. 214

---

* In two cases involving professional services rendered by architects, we held that the doctrine was inapplicable, because the contract at issue in each case was divisible into separate and distinct phases; therefore, the architects' services were severable, rather than continuous or recurring. *See Nelson v. Commonwealth*, 235 Va. 228, 243, 368 S.E.2d 239, 248 (1988); *Virginia Military Inst. v. King*, 217 Va. 751, 759, 232 S.E.2d 895, 900 (1977).

Va. at 149, 198 S.E.2d at 655. Similarly, in *Boone*, we applied the doctrine to an action for breach of contract involving the professional services of accountants. These services consisted of tax and accounting work related to a corporate acquisition, as well as preparation of amended tax returns and participation in audit proceedings resulting from that acquisition. This Court held that, since the services were all based on the client's request for advice and representation involving the corporate acquisition, the particular undertaking did not end until the conclusion of the accounting services related to that acquisition. 235 Va. at 163, 365 S.E.2d at 767.

In *Farley*, we characterized this principle as a "continuing treatment rule," in considering a claim of negligence against a general dentist based on his treatment of a patient for symptoms of periodontal disease. There, we held that the statute of limitations began to run at the conclusion of the course of treatment for the symptoms of that particular disease. 219 Va. at 976, 981, 252 S.E.2d at 599, 602.

In contrast to the continuing nature of the services at issue in the above cases, the services performed by an insurance broker and an insurance agency on behalf of an insured ordinarily entail separate, independent acts involving an initial sale, a policy renewal, a policy change, or the processing of a claim. As such, these actions are not analogous to the professional services at issue in our previous cases. Further, since these actions do not, by their nature, *require* continuing work by the broker or the insurance agency, they cannot be characterized as continuing services relating to a particular undertaking.

For these reasons, we conclude that the continuing undertaking doctrine does not apply to actions involving insureds' allegations of breach of contract against insurance agencies and their brokers. Therefore, our answer to the first certified question is in the negative. We further conclude that this answer is dispositive of the issues raised by both certified questions.

*First Certified Question Answered in the Negative.*