105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert and Sally RAITZ, Plaintiffs-Appellants,
v.
Harold SPARKS, et al., Defendants-Appellees.
 No. 95-6413.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1997.
 
 Before: BOGGS and SILER, Circuit Judges; McCALLA, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Robert and Sally Raitz, appeal the district court's order granting defendants' motion for summary judgment. The issue on appeal is whether the district court erred in concluding that the Raitzes' causes of action for accountant malpractice were barred by the statute of limitations. For the reasons set forth below, we affirm.
 
 
 2
 In 1982, plaintiff Robert Raitz resigned from his job as an executive at Hospital Corporation of America (HCA). After exercising his HCA stock options and subsequently selling $1.2 million in stock, Raitz sought tax and investment advice from defendant Harold Sparks, an accountant. Raitz informed Sparks that he wanted safe, secure investments and investments that would provide certain tax losses to offset the taxes that Raitz would have had to pay on the income from the sale of stock. Through Sparks and his accounting firm, defendant Baker, Sparks & Davis, Raitz invested in several limited partnerships and other various investments from 1982 to 1985. Although Sparks subsequently left the accounting firm in 1985, defendant Baker & Davis continued to prepare the Raitzes' tax returns until 1992.
 
 
 3
 The Raitzes' investments performed poorly. Specifically, beginning in 1984 or 1985, Raitz knew that at least one of his investments, Derringer Oil, was performing poorly and not providing him with the economic or tax return that he had expected. In addition, in 1985, Raitz wrote off his investment in WNC Corporation as a complete loss. Moreover, during this time and continuing until 1991, the Raitzes received several notices from the Internal Revenue Service (IRS) concerning disallowed deductions, tax deficiencies, tax adjustments, and examinations relating to several of their investments. In 1986 or 1987, the Raitzes retained counsel to represent them before the IRS. Furthermore, in December 1988, the Raitzes consulted counsel about the prospects of filing for bankruptcy and "expressed an interest in pursuing legal action" against defendants. In September 1991, the Raitzes received a final assessment from the IRS amounting to approximately $2 million in tax deficiencies, penalties, and interest. On October 3, 1991, the Raitzes filed for bankruptcy. On September 30, 1992, the Raitzes filed their complaint against defendants, and, on September 13, 1995, the district court granted defendants' motion for summary judgment, concluding that the Raitzes' causes of action were barred by the statute of limitations.
 
 
 4
 The Raitzes argue that the statute of limitations did not begin to run until they received a final tax assessment from the IRS in September 1991 because, until that time, they had not suffered a legally cognizable injury. Thus, the Raitzes contend that the district court erred in granting defendants' motion for summary judgment.
 
 
 5
 A grant of summary judgment by the district court is reviewed de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). The applicable statute of limitations is three years, commencing from the date of accrual. T.C.A. § 28-3-105.[2] Under the discovery rule, a cause of action accrues "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 491 (Tenn.1975).
 
 
 6
 Although there are no Tennessee cases construing the discovery rule's application in actions for accountant malpractice, the Tennessee Supreme Court recently clarified the rule's application in legal malpractice actions. In Carvell v. Bottoms, 900 S.W.2d 23 (Tenn.1995), the court held that the legal malpractice discovery rule is composed of two elements: (1) the plaintiff must suffer a "legally cognizable" or "actual" injury as a result of defendant's negligence; and (2) "the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by defendant's negligence." Id. at 28. In addition, the court borrowed the knowledge standard used in medical malpractice actions and explained that in order to have "knowledge,"
 
 
 7
 "[i]t is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action'; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct."
 
 
 8
 Id. at 29 (quoting Roe v. Jefferson, 875 S.W.2d 653, 657 (Tenn.1994)).
 
 
 9
 In the present case, if the Raitzes' causes of action accrued before September 30, 1989, i.e., three years before they filed their complaint, their actions are time-barred. The Raitzes' argument that their causes of action were tolled until the IRS made a final determination regarding the amount of tax owed is not supported by Tennessee case law. See Carvell, 900 S.W.2d at 29. Applying the Carvell analysis, the losses suffered by the Raitzes on their investments and the substantial tax deficiencies incurred as a result constituted a legally cognizable injury. In addition, because the Raitzes knew beginning in 1985 and continuing through 1988 that they had suffered substantial losses, had incurred substantial tax deficiencies, and were facing bankruptcy as a result of defendants' investment advice, the fact that they did not know the exact amount of their tax deficiency is of no consequence. See id.; Security Bank & Trust Co. v. Fabricating, Inc., 673 S.W.2d 860, 864-65 (Tenn.1983) (explaining that a plaintiff is not "permitted to wait until he knows all of the injurious effects" of a wrongful act before filing suit), cert. denied, 469 U.S. 1038 (1984). Thus, because the Raitzes suffered injury and had knowledge, their causes of action accrued before September 30, 1989, and are, therefore, time-barred. See Carvell, 900 S.W.2d at 28.
 
 
 10
 The Raitzes also argue that the statute of limitations was tolled by the continuous relationship doctrine. In Frazor v. Osborne, 414 S.W.2d 118 (Tenn.Ct.App.1966), the court recognized the continuous tort/relationship doctrine. In Housh v. Morris, 818 S.W.2d 39 (Tenn.Ct.App.1991), however, the court explained that since Frazor, Tennessee courts have adopted and have consistently applied the discovery rule. Id. at 44; see Jefferson, 875 S.W.2d at 658 (applying the discovery rule instead of the continuous relationship doctrine). Explaining that the two rules apply in conjunction with one another, the court in Kenton v. United Technology, 1990 WL 32121 (Tenn.Ct.App.1990), concluded that a cause of action "accrues at the time the professional relationship or course of treatment is terminated unless, under the 'discovery rule,' the cause of action is deemed to have accrued at a different point in time." Id. at * 3.
 
 
 11
 The Raitzes' continuing relationship with defendant Baker & Davis relating to the preparation of tax returns from 1985 to 1992 does not provide a basis upon which to toll the statute of limitations under the continuous relationship doctrine. The Raitzes' complaint relates to investment actions taken by defendants between 1982 and 1985 and the tax deficiencies incurred as a result. Accordingly, as discussed previously, because the Raitzes' cause of action accrued under the discovery rule before their relationship with defendants was terminated, the continuous relationship doctrine does not apply. See Housh, 818 S.W.2d at 44; Kenton, 1990 WL 32121 at * 3.
 
 
 12
 The Raitzes' reliance on decisions from other jurisdictions that have applied the continuous relationship doctrine in accountant malpractice actions is misplaced. Although the South Dakota Supreme Court applied the doctrine in Bosse v. Quam, 537 N.W.2d 8 (S.D.1995), South Dakota does not recognize the discovery rule, Shippen v. Parrott, 506 N.W.2d 82, 85 (S.D.1993). In addition, subsequent cases have limited the applicability of Wynn v. Estate of Holmes, 815 P.2d 1231 (Okla.Ct.App.1991), and Boone v. C. Arthur Weaver Co., 365 S.E.2d 764 (Va.1988), two cases upon which the Raitzes rely. For example, in Mud Trans, Inc. v. Foster-Dickenson & Co., 856 P.2d 282, 284 (Okla.1993), the Oklahoma Supreme Court refused to apply the continuous relationship doctrine in a case where the plaintiff and the defendant maintained a relationship for four years after the plaintiff's investment losses occurred. Likewise, in Harris v. K & K Insurance Agency, Inc., 453 S.E.2d 284 (Va.1995), the Virginia Supreme Court, on a certified question from the Fourth Circuit, declined to extend the doctrine, explaining that "the statute of limitations ... begins to run when the services rendered in connection with a particular undertaking or transaction have ended, notwithstanding any continuation of the professional relationship that may involve other work for the same client." Id. at 286. Thus, the cases cited by the Raitzes do not support their argument.
 
 
 13
 The Raitzes' final argument is that the statute of limitations was tolled by the fraudulent concealment of facts by defendants. "[A] plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite exercising reasonable diligence." Benton v. Snyder, 825 S.W.2d 409, 414 (Tenn.1992). The Raitzes' causes of action, however, relate to the investment losses and the tax deficiencies that they suffered as a result of defendants' alleged negligence and not to any information alleged to have been concealed by defendants. Thus, their argument is unpersuasive.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [2]
 In 1990, actions for accountant malpractice were added to T.C.A. § 28-3-104, which provides a one-year limitation period. The parties agree that the three-year statute applies in the present case