**Philip GOLDSTEIN and Susan Goldstein, Plaintiffs,**

v.

**MALCOLM G. FRIES & ASSOCIATES, INC., Malcolm G. Fries, and Rachael D. Fries, Defendants.**

**No. 2:99cv1058.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 29, 1999.

---

J. Gray Lawrence, Jr., Patrick J. Geheren, Faggert & Frieden, P.C., Chesapeake, VA, for plaintiffs.

Stanley G. Barr, W. Edgar Spivey, Beth V. McMahon, Kaufman & Canoles, Norfolk, VA, Jeffrey S. Rosen, De Martino Finkelstein Rosen & Virga, Washington, DC, for defendants.

## OPINION AND ORDER

PRINCE, United States Magistrate Judge.

Plaintiffs, Philip Goldstein and Susan Goldstein ("Plaintiffs"), filed a Complaint with this Court against Malcolm G. Fries & Associates, Inc., Malcolm G. Fries and Rachel[1] D. Fries ("Defendants") on July 7, 1999. The Complaint sets out five counts against Defendants, which include: (I) violation of the Securities Exchange Act of 1934; (II) violation of the Investment Advisors Act of 1940; (III) breach of fiduciary duties; (IV) constructive fraud; and (V) violation of the Virginia Securities Act. The parties have consented to have a magistrate judge dispose of these claims pursuant to 28 U.S.C. § 636(c), and the Court has jurisdiction under 28 U.S.C. §§ 1331, 1376(a).

Defendants filed an Answer with the Court on August 3, 1999, at which time they also filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), with an accompanying memorandum. Their Motion

---

1. In Defendants' Memorandum in Support of Motion to Dismiss, Rachael Fries notes that her name is spelled incorrectly as "Rachel" in the Complaint.

to Dismiss asked this Court to dismiss each count of the Complaint for failure to state a claim upon which relief could be granted. Plaintiffs filed a memorandum in opposition to the Motion to Dismiss on August 17, 1999, to which Defendants thereafter replied by memorandum filed on August 25, 1999.

This Court heard oral arguments on the Motion to Dismiss on September 8, 1999. Having reserved judgment at the conclusion of the hearing, the Court now ORDERS that the Motion to Dismiss be GRANTED as to Counts I, III, and V based on the applicable statute of limitations, Count II for failure to state a cause of action, and Count IV for failure to allege fraud with sufficient particularity.

## I. SUMMARY OF FACTS[2]

Beginning approximately in 1991, Defendants entered into a relationship with Plaintiffs whereby Defendants agreed to provide financial and investment advice to Plaintiffs in exchange for fees being paid by Plaintiffs. Compl. ¶ 5. Pursuant to their agreement, Plaintiffs entrusted Defendants with investment funds and personal financial information. Compl. ¶ 7. Plaintiffs also explained to Defendants their general lack of experience in business matters, particularly in matters of investment, and their interest in low-risk investments. Compl. ¶ 7, 9.

Subsequently, on or about January 1993, Defendants began promoting the purchase of certain real estate limited partnership promissory notes drawn by certain California limited partnerships known as Arrowhead Capital Partners, Ltd. and Gleneagles, L.P. ("Sellers"). Compl. ¶ 10. Defendants were instrumental in procuring the sales. *Id.*

During procurement of the sales, Defendants omitted and withheld from Plaintiffs information that Defendants also were representing Sellers, thereby profiting and benefitting from the sale of the notes. Compl. ¶ 12. Moreover, Defendants were aware of the high risk associated with the notes, but characterized the investments as low-risk. Compl. ¶ 14–16. Defendants also told Plaintiffs to rely on their representations of the investments, and that it was important the investments be made before the opportunity was lost, leaving further investigation of the investments unwise. Compl. ¶ 26.

As a result of Defendants' efforts, Plaintiffs purchased three notes in 1993. Plaintiffs purchased the first note on or about January 19, 1993, for $25,000, the second note on or about June 28, 1993, for $10,-000, and a third note on or about August 18, 1993, for $50,000 (collectively, the "Notes"). Compl. ¶ 10.

■ In Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiffs attached an affidavit of Philip Goldstein attempting to allege facts of misconduct by Defendants following the purchase of the Notes. The Court notes that such factual allegations, not included in the Complaint, are not properly before the Court on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Allegations of wrongdoing in the Complaint do not include acts or omissions by Defendants following purchase of the Notes.

## II. CONCLUSIONS OF LAW

### STANDARD OF REVIEW

■ In ruling on a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6), the Court must accept the factual allegations in the Complaint as true and construe them in a light most favorable to the plaintiff. *Kline, supra,* at

---

**2.** In ruling on this Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), the Court notes that it must accept the factual allegations in the Complaint as true and construe them in a light most favorable to the plaintiff. *Kline v.*

*Nationsbank of Virginia,* 886 F.Supp. 1285, 1293 (E.D.Va.1995) (*citing Martin Marietta Corp. v. International Telecomms. Satellite Org.,* 991 F.2d 94 (4th Cir.1992)).

n. 2. Claims should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of the claims, as alleged, which would entitle him relief. *Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2nd Cir.1985)).

### COUNT I: VIOLATION OF SECURITIES EXCHANGE ACT OF 1934

■ In Count I, Plaintiffs claim a violation of § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)). This claim is barred by the applicable statute of limitations.

In *Lampf v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), the Supreme Court held that a one-and-three year limitations period applied to claims arising under § 10(b). Therefore, the Supreme Court explained, litigation instituted under § 10(b) must be commenced within one year after discovery of the facts constituting the violation and within three years after such violation. *Lampf*, 501 U.S. at 364, 111 S.Ct. 2773. The Supreme Court further noted that the three year limitations period was to serve as an "outside limit" or "cut-off," and would not be subject to equitable tolling principles. *Lampf*, 501 U.S. at 363, 111 S.Ct. 2773; *see also Caviness v. Derand Resources Corp.*, 983 F.2d 1295, 1300 (4th Cir.1993) (referring to the three year limitations period as a "statute of repose," inconsistent with equitable tolling principles).

In Count I of the Complaint, Plaintiffs allege that Defendants' acts and omissions resulting in the purchase of the Notes constituted fraudulent conduct under § 10(b). Compl. ¶ 17. The alleged violation of § 10(b), then, was consummated upon the purchase of the Notes in 1993. Accordingly, since Plaintiffs' Complaint was filed more than three years after Defendants' alleged fraudulent conduct under § 10(b), Count I of the Complaint is time-barred.

Attempting to avoid this time-bar, Plaintiffs attempt to distinguish *Lampf* from the case at bar. Plaintiffs argue that, in *Lampf*, the § 10(b) violation resulted from misrepresentations associated with the offering memoranda provided when securities were sold. In contrast, Plaintiffs argue, Defendants' violation was "ongoing" until the business relationship was terminated in 1998. (Memorandum in Opposition to Defendants' Motion to Dismiss, 5.) Specifically, Plaintiffs argue that misrepresentations and omissions, in the form of verbal and written correspondence, continued for approximately six years after the purchase of the notes. *Id.*

The Court finds Plaintiffs' attempt to avoid the time-bar pursuant to *Lampf* as meritless. First, the Complaint alleges misconduct associated with the purchase of the Notes, but does not allege misconduct by Defendants following purchase of the Notes. Therefore, the latter alleged misconduct is not properly before the Court at this time. Finally, as noted above, the three year limitation period is an "outside limit" or "cutoff," such that equitable tolling principles do not apply. Therefore, since the alleged violation of § 10(b) was consummated upon the purchase of the Notes in 1993, Plaintiffs had until 1996 to file a Complaint irrespective of Defendants' subsequent conduct.

### COUNT II: VIOLATION OF INVESTMENT ADVISORS ACT OF 1940

■ In Count II, Plaintiffs claim that various acts and omissions by Defendants were fraudulent, deceitful and unlawful pursuant to § 206 of the Investment Advisors Act of 1940 (15 U.S.C. § 80b–6). Since there is no private right of action under § 206, Plaintiffs have failed to state a claim upon which relief can be granted.

Although § 206 established federal fiduciary standards governing the conduct of investment advisors in order to benefit their respective clients, it does not give

rise to a private cause of action for damages. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19–20, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). Section 206 simply proscribes certain conduct and does not create or alter any civil liabilities. *Id.*

█ In contrast to § 206, a limited private right of action was created in § 215 of the Investment Advisors Act (15 U.S.C. § 80b–15). Section 215, by declaring investment advisors' contracts void if their formation or performance violate the Act, implied a private right to void a contract and included the availability of a suit for rescission or for an injunction against continued operation of the contract, and for restitution. *Id.* at 17–18, 100 S.Ct. 242.

In the case at bar, Plaintiffs allege a claim under § 206 for compensatory damages. However, as the Supreme Court has explained and as discussed above, § 206 does not create a private right of action for damages. Defendants' alleged violation of § 206, on its own, simply does not create any civil liabilities; therefore, Plaintiffs fail to state a claim for which relief can be granted.

In order to survive the Motion to Dismiss on Count II, Plaintiffs rely on *Laird v. Integrated Resources, Inc.,* 897 F.2d 826 (5th Cir.1990). Plaintiffs explain that the *Laird* court held that the plaintiffs "properly stated a claim for relief notwithstanding their claim for damages which exceeded the remedies provided under the Act." (Memorandum in Opposition to Defendants' Motion to Dismiss, 8 (*citing Laird,* 897 F.2d at 841–42).)

Unlike the case at bar, however, in *Laird,* the plaintiff claimed the defendant violated the anti-fraud provisions of the Investment Advisors Act, § 206, but also properly requested relief pursuant to § 215. In pertinent part, the plaintiff's complaint stated:

> Plaintiff is entitled to a private right of action and the relief afforded pursuant to [§ 215] of the Investment Advisors Act of 1940. Accordingly, plaintiff would show that every purchase of securities in violation of said Act was void and therefore plaintiff is entitled and hereby requests the court to rescind each said contract of purchase and/or sale made in violation of said Act.

*Laird,* 897 F.2d at 840–41. The court ultimately found, after referencing the above-quoted language of the complaint, that the plaintiff properly pled a claim under § 206 and § 215 upon which relief could be granted, namely, rescission of the contract in dispute. *Laird,* 897 F.2d at 841.

The case at bar is readily distinguishable from *Laird.* In *Laird,* the plaintiff's complaint properly included a claim for relief under § 215. The court, therefore, reasoned that the plaintiff's improper prayer for further relief under § 206 was not fatal. In the case at bar, Plaintiffs completely failed to state a proper claim under the Investment Advisors Act. Count II of the Complaint rests entirely on alleged violations and a prayer for damages under § 206. Since relief may only be afforded under § 215, and no such claim was made by Plaintiffs, Plaintiffs fail to state a claim upon which relief may be granted.

## COUNT III: BREACH OF FIDUCIARY DUTIES

█ In Count III, Plaintiffs claim a breach of fiduciary duties on the part of Defendants, as a result of representing both Sellers and Plaintiffs in the purchase of the Notes and for failing to fully disclose material information regarding the nature of the transaction. This claim is barred by the applicable statute of limitations.

█ Claims for breach of fiduciary duty are governed by Virginia's catch-all statute of limitations, which was one year at the time of accrual of this cause of action. Va.Code Ann. § 8.01–248; *See Kline,* 886 F.Supp. at 1297 (citations omitted); *Professionals I, Inc. v. Pathak,* 47 Va.Cir. 476,

480 (Fairfax County, 1998); *Michael v. Michael*, 43 Va.Cir. 150, 153 (Fairfax County, 1997). Additionally, recent Virginia court decisions have found that a cause of action for breach of fiduciary duty accrues on the date of the breach, not the date of discovery. *Professionals I*, 47 Va. Cir. at 480–81 (noting that the breach of fiduciary duty claim was not one of the statutorily enumerated causes of action subject to the "discovery rule"); *Michael*, 43 Va.Cir. at 153 (a plaintiff must bring a suit for breach of fiduciary duty within one year from the date of the breach).[3] Virginia's "discovery rule" only applies to a very narrow class of actions, including fraud and mistake. *Id.; See also* Va.Code Ann. § 8.01–249(1) ("In actions for fraud or mistake and in actions for rescission of contract for undue influence, when such fraud, mistake, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered . . .")[4]

In the case at bar, Plaintiffs allege breach of fiduciary duties by Defendants during the course of purchasing the Notes. Since the breach occurred more than one year before the date the Complaint was filed, Plaintiffs' claim in Count III is time-barred.

■ In order to counter Defendants' claim of untimeliness pursuant to the statute of limitations, Plaintiffs rely entirely on Virginia's "continuing treatment" doctrine. (Memorandum in Opposition to Defendant's Motion to Dismiss, 5.) The continuing treatment doctrine operates as a "limited exception to the rule requiring strict construction of statutes of limitation." *Harris v. K & K Insurance Agency*, 249 Va. 157, 161, 453 S.E.2d 284, 286 (1995) Generally the statute of limitations begins to run against a cause of action at the time of accrual. However, where there is an undertaking which "requires a continuation of services," the statute of limitations does not begin to run until the termination of the undertaking. *Id. (quoting McCormick v. Romans*, 214 Va. 144, 148, 198 S.E.2d 651, 654 (1973)).

The Supreme Court of Virginia has recognized the continuing treatment doctrine only with regard to a continuous or recurring course of professional services related to a particular undertaking. *Id. (citing Keller v. Denny*, 232 Va. 512, 518, 352 S.E.2d 327, 331 (1987)). The Virginia courts have applied the doctrine in cases stating claims of breach of contract or involving the professional services of physicians, attorneys, and accountants. *See generally Farley v. Goode*, 219 Va. 969, 976, 252 S.E.2d 594, 599 (1979) (statute of limitations begins to run against physician at the end of treatment for symptoms of a particular disease); *McCormick*, 214 Va. at 149, 198 S.E.2d at 655 (where there was an agreement to sell specified tracks of land between attorney and client, the statute of limitations begins to run at the end of the specific undertaking); *but see Nelson v. Commonwealth*, 235 Va. 228, 243–44, 368 S.E.2d 239, 248 (1988) (although a general architect-owner relationship continued to exist, architect's services were severable into separate and distinct phases, rather than continuous or recurring); *Harris*, 249 Va. at 161–62, 453 S.E.2d at 286–87 (actions of an insurance broker do not, by their nature, require continuing work, and cannot be characterized as continuing services related to a particular undertaking).

■ In the case at bar, Plaintiffs' claim involves the final purchase of three notes in 1993. As pleaded in the Complaint, the

---

**3.** Neither *Professionals I* nor *Michael* apparently have been appealed to the Supreme Court of Virginia.

**4.** The Court notes that in *International Surplus Lines Ins. Co. v. Marsh*, 838 F.2d 124 (4th Cir.1988), the court stated that in Virginia, the statutory period begins to run when the breach of fiduciary duty was, or should have been, discovered by the plaintiff. In so holding, the court referred to Va.Code § 8.01–249(1) (Supp.1987). In light of recent Virginia case law however, discussed above, the Court will not apply a "discovery rule" to Plaintiffs' claim for breach of fiduciary duty.

Court finds that the purchase of the Notes was a particular and severable undertaking, concluded in 1993, that did not require the continuing services of Defendants. Accordingly, the "continuing treatment" rule will not serve to toll the running of the statute of limitations.

## COUNT IV: CONSTRUCTIVE FRAUD

■ In Count IV, Plaintiffs claim constructive fraud on the part of Defendants involving the purchase of the Notes. In response, Defendants claim that Plaintiffs failed to state the claim with sufficient particularity, pursuant to F.R.Civ.P. 9(b), and this Court agrees.[5]

Under Fed.R.Civ.P. 9(b), a claim of fraud must allege with particularity a false representation by a defendant of a material fact with the intent to mislead, and that the plaintiff reasonably relied on the representations to his detriment. *See Sneed v. American Bank Stationary Co.*, 764 F.Supp. 65, 67–8 (W.D.Va.1991). The minimum type of circumstances that must be pleaded include the time, place, content, and identity of authorship of any alleged misrepresentation. *See generally Riley v. Murdock*, 828 F.Supp. 1215, 1224 (E.D.N.C.1993); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127–28 (2nd Cir. 1994); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994); *Katz v. Household International, Inc.*, 36 F.3d 670, 675 (7th Cir.1994). Conclusory allegations do not satisfy the requirements of the rule. *See generally Commercial Property Investments, Inc. v. Quality Inns International, Inc.*, 61 F.3d 639, 644 (8th Cir.1995).

■ Additionally, in multiple-defendant cases, such as the one at bar, circumstances must be stated for each defendant. A plaintiff may not group all wrongdoers together in a single set of allegations.

Each defendant is entitled to specific notice of the conduct by him, her, or it that the plaintiff contends is fraudulent. *Vicom Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir.1994).

In Count IV of the case at bar, Plaintiffs failed to meet the pleading requirements of Fed.R.Civ.P. 9(b). Plaintiffs failed both to plead fraud with sufficient particularity or to provide specific circumstances of fraud for each individual defendant. Accordingly, Count IV is dismissed.

## COUNT V: VIOLATION OF VIRGINIA SECURITIES ACT

■ In Count V, Plaintiffs claim a violation of the Virginia Securities Act, pursuant to Va.Code Ann. § 13.1–522(B), as a result of alleged fraudulent acts and omissions of Defendants. This claim is barred by the applicable statute of limitations.

The applicable provision of the Virginia Code sets out a two year limitations period, and reads:

> No suit shall be maintained to enforce any liability created under this section [, § 13.1–522,] unless brought within two years after the transaction upon which it is based . . .

Va.Code Ann. § 13.1–522(D). The United States Court of Appeals for the Fourth Circuit has concluded from this language that such claims are subject to an "absolute cut-off" two years after the transaction on which the claim is based. *Caviness*, 983 F.2d at 1305–06 ("we conclude from the plain meaning of the statute that the Virginia legislature intended to provide unqualifiedly that a claim must be brought within two years 'after the transaction upon which it is based'"). The Fourth Circuit further explained that the limitations period cannot be tolled by the ab-

---

5. Defendants also claim that Count IV is time-barred. In Virginia, however, a claim alleging fraud is subject to the "discovery rule." See Va.Code Ann. § 8.01–249(1) (quoted above). Since issues of when a fraud should reasonably have been discovered are typically best left to a jury, *see Pennsylvania Life Insurance Co. v. Bumbrey*, 665 F.Supp. 1190, 1202 (E.D.Va.1987), the Court refuses to dismiss Count IV as time-barred at this time.

sence of knowledge. *Id.* at 1306 (*citing Cors v. Langham,* 683 F.Supp. 1056, 1058 (E.D.Va.1988)) (the statute provides a "hard and fast" period of limitations); *see also Williams v. Chamer,* 32 Va.Cir. 12 (Fairfax County, 1993).

In the case at bar, the actions upon which Count V is based were consummated in 1993. Since each action at issue occurred more than two years before the date the Complaint was filed, Plaintiffs' claim in Count V is time-barred.

### RULE 11 INQUIRY

As Defendants note in their memoranda in support of the Motion to Dismiss, the Court is required to make findings of compliance with Fed.R.Civ.P. 11 pursuant to 15 U.S.C. § 78u–4(c). The statute reads:

(1) In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositional motion.

(2) If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositional motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond.

The following Rule 11 inquiry will cover Count I, the violation of 15 U.S.C. § 78j(b), as mandated by 15 U.S.C. § 78u–4(c). Pursuant to Fed.R.Civ.P. 11(c)(1), however, any such additional inquiry by this Court will only follow a motion by a party made separately from other motions or requests which describes the specific conduct alleged to violate Fed.R.Civ.P. 11(b).

The Court finds that the only portion of Rule 11 pertinent to this analysis is § (b)(2), specifically with regard to Defendants' conduct. Sanctions may be imposed against an attorney pursuant to Rule 11(b)(2) for signing, filing, or later advocating a claim, defense, or other legal contention that is not warranted by existing law. Fed.R.Civ.P. 11(b)(2). A legal contention is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the advocate plainly states that he or she is arguing for a reversal or change of law and presents a nonfrivolous argument in support of the position.

Accordingly, based on the earlier discussion of the period of limitations established by the Supreme Court for actions under § 10(b) of the Securities Exchange Act of 1934 and the absence of equitable tolling for the same, the record suggests a potential violation of Fed.R.Civ.P. 11(b)(2). Therefore, pursuant to 15 U.S.C. § 78u–4(c)(2), before making any findings, the Court grants counsel for Defendants twenty-one days from the date of this Opinion and Final Order to respond to its concerns.

### III. CONCLUSION

For the reasons stated above, the Court hereby ORDERS that the Motion to Dismiss be GRANTED, and Counts I, III, and V be DISMISSED WITH PREJUDICE, and Counts II and IV be DISMISSED WITH LEAVE TO AMEND. Additionally, the Court further ORDERS counsel for Defendants to respond within twenty-one days of the date of this Opinion and Final Order to its concerns over compliance with Fed.R.Civ.P. 11(b)(2).

The Clerk shall mail a copy of this Opinion and Order to counsel for the parties.