# CIRCUIT COURT OF FAIRFAX COUNTY

Jennings Motor Co., L.L.C.

v.

Louis Jennings, Jr.

March 23, 2007

Case No. CL-2006-13230

BY JUDGE MICHAEL P. MCWEENY

This cause came before the Court on February 23, 2007, upon the Defendant's Plea in Bar. At that time, the Defendant withdrew his Plea in Bar as to personal jurisdiction and as to the application of the statute of limitations to events alleged to have occurred *on or after* August 18, 2003. After oral argument, the Court took the remaining statute of limitations issue under advisement. The Court granted leave for the filing of additional authorities, which were received March 2, and March 9, 2007.

*Facts*

This is an action for tortious interference with a business advantage. The Plaintiff, Jennings Motor Company, L.L.C., owns and operates a franchised Toyota automobile dealership. The Defendant, Louis Jennings, Jr., is a 5% general partner and 15% limited partner in the Kay Jennings Family, Limited Partnership ("Partnership"). The Partnership, which is not a party to this action, owns the improved realty upon which the Plaintiff's dealership is located. The Partnership leases the realty to the Plaintiff.

The Plaintiff alleges that the Defendant has engaged in "a continuous pattern and course of conduct," to interfere with the Plaintiff's franchise relationships with Toyota Motor Sales, U.S.A., Inc., and Central Atlantic Toyota Distributors, Inc. More specifically, the Plaintiff alleges that the

Defendant has repeatedly contacted Toyota Motor Sales and Central Atlantic Toyota Distributors and has asserted that the lease between Plaintiff's dealership and the Partnership was invalid.

In its Complaint, the Plaintiff cited a number of dates upon which the Defendant is alleged to have committed acts comprising tortious interference: "Commencing on October 23, 2002, January 22, 2003, September 25, 2003, and August 6, 2004, and continuing thereafter, as part of a continuous pattern and course of conduct, Louis Jennings has engaged in bizarre, threatening, and outrageous behavior." *See* Complaint ¶ 10.

Both parties agree that the applicable statute of limitations in a case for tortious interference with a business advantage is two years. Va. Code Ann. § 8.01-243(A). Although the instant action was not filed until October 20, 2006, the statute of limitations was tolled by the filing of a prior related lawsuit on August 18, 2005. Thus, accepting August 18, 2005, as the date of filing pursuant to Va. Code. Ann. § 8.01-229(E)(1), the only question remaining is whether the Plaintiff may recover for damages caused by acts of the Defendant occurring more than two years before that date.

*Analysis*

The issue before the Court on the Plea in Bar is whether the "continuing treatment" rule of *Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979), should be extended to the "continuous pattern and course of conduct" alleged to have been engaged in by the Defendant. I find that the reasoning of *Farley* and its progeny does not extend to individual tortious acts which are not part of a continuing professional relationship. In this case, the conduct of the Defendant is more akin to "separate independent acts" and is "not analogous to the professional services at issue" in those previous cases. *See Harris v. K & K Ins. Agency, Inc.*, 249 Va. 157, 161-62, 453 S.E.2d 284, 286-87 (1995).

The Plea in Bar as to recovery for damages resulting from acts alleged to have occurred on dates prior to August 18, 2003, is granted.